# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1788

MOSES RENTI HOLLIDAY,                                                 APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS,                    APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges.*

## O R D E R

On October 12, 2000, the Court, in a single-judge memorandum decision, affirmed a September 30, 1999, Board of Veterans' Appeals (Board or BVA) decision that denied increased VA disability compensation ratings for sensory impairment and hyperesthesia with trigeminal nerve damage, for residuals of a fracture of the left orbital floor, for sinusitis, for diplopia, and for laceration of the left upper eyelid. Record at 4, 19. On November 1, 2000, the appellant filed a timely motion for reconsideration or, in the alternative, for a panel decision.

The Court notes that, after its October 12, 2000, decision, Congress enacted several laws regarding veterans benefits claims. First, on October 30, 2000, the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001, Pub. L. No. 106-398, 114 Stat. 1654, app. § 1611 (Oct. 30, 2000) [hereinafter NDAA § 1611], amended 38 U.S.C. § 5107 to clarify the Secretary's duty to assist claimants in developing claims for benefits under title 38, United States Code. Then, on November 1, 2000, the Veterans Benefits and Health Care Improvement Act of 2000, Pub. L. No. 106-419, 114 Stat. 1822 (Nov. 1, 2000) [hereinafter VBHCIA], was enacted, with the following coordination provision:

> If the Veterans Claims Assistance Act of 2000 is enacted before the provisions of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 are enacted into law, section 1611 of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001, including the amendments made by that section, shall not take effect. If the Veterans Claims Assistance Act of 2000 is enacted after the provisions of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 are enacted into law, then as of the enactment of the Veterans Claims Assistance Act of 2000, the amendments made by section 1611 of the Floyd D. Spence National Defense Authorization Act for Fiscal Year 2001 shall be deemed for all purposes not to have taken effect and that section shall cease to be in effect.

*Id.* at § 104(c)(2), 114 Stat. at 1828. Finally, on November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA], was enacted. The VCAA, inter alia, amended 38 U.S.C. § 5107(a) to eliminate the well-grounded-claim requirement (a requirement that had appeared in section 5107(a) prior to any amendment of that section by the NDAA). VCAA § 4. Additionally, through the amendment of 38 U.S.C. §§ 5102 ("Application forms furnished upon request; notice to claimants of incomplete applications") and 5103 ("Notice to claimants of required information and evidence") and the addition of 38 U.S.C. § 5103A ("Duty to assist claimants"), the VCAA reaffirmed and clarified the Secretary's duty to assist claimants. VCAA § 3. Although the VCAA is silent as to whether new sections 5102, 5103, and 5103A are to be applied retroactively, the VCAA specifically states that "the provisions of section 5107 . . . as amended by section 4 of [the VCAA], apply to any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." VCAA § 7(a)(2).

In view of these changes in law, the Court will grant the appellant's motion for a panel decision and require supplemental briefing addressing the following questions:

(1) Did the coordination provision of VBHCIA § 104(c)(2) nullify the NDAA § 1116 amendment from the date of the enactment of that amendment or was that NDAA § 1116 amendment in effect for any period of time between the date of the NDAA's enactment and the date of the VCAA's enactment (and is the answer to that question affected by the fact that the VBHCIA was enacted prior to the VCAA)? If the latter, is the NDAA § 1116 amendment intended to be applied retroactively to claims pending on the date of its enactment? *See Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) ("where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to [the] appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary of Veterans Affairs to do otherwise and the Secretary did so").

(2) Do the VCAA amendments to sections 5102, 5103, and 5106 and new section 5103A as added by the VCAA, apply retroactively to claims pending on the date of the enactment of the VCAA? *See Karnas, supra.* In this regard, did Congress, by explicitly making new section 5107 applicable to claims pending on the date of the VCAA's enactment and remaining silent as to the retroactivity of the VCAA amendments regarding sections 5102, 5103, 5103A, and 5106 provide, within the meaning of *Karnas, supra* ("unless Congress provided otherwise"), that those latter amendments are *not* to be applied to claims pending on that date? *Compare Karnas*, 1 Vet.App. at 311-13 (discussing *Thorpe v. Housing Authority of Durham*, 393 U.S. 268 (1969), *Bradley v. School Bd.*, 416 U.S. 696 (1974), *Bennett v. New Jersey*, 470 U.S. 632 (1985), and *Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1988)), *with Landgraf v. USI Film Products*, 511 U.S. 244 (1994).

(3) Assuming that the NDAA § 1116 amendment and the VCAA amendments

2

regarding sections 5102, 5103, and 5106 and new section 5103A as added by the VCAA [hereinafter new NDAA/VCAA provisions] may be applied to claims pending on the respective dates of enactment of those laws (issues regarding the VCAA amendment to section 5107 have been addressed in *Luyster v. Gober*, __ Vet.App. __, No. 99-1271 (Nov. 20, 2000) and, therefore, for purposes of this order that amendment is not included as a new provision):

(i) Who--VA or the Court--should decide in the first instance whether the appellant's claim may fall within the scope of any of the new provisions?

(ii) As to section 5103A, in view of the requirement that the Secretary prescribe regulations to carry out that section (38 U.S.C. § 5103A(e) (as added by VCAA § 3)) and in view of the express grant of authority to the Secretary to provide "such other assistance . . . as the Secretary considers appropriate" (38 U.S.C. § 5103A(g) (as added by VCAA § 3)), can it be decided--by either VA or the Court-- prior to the prescribing of such regulations that the appellant's claim does not fall within the scope of section 5103A?

(iii) Assuming that it is the Court that ought to decide in the first instance that the appellant's claim may fall within the scope of one or more of the new NDAA/VCAA provisions, should the Court further determine which law (the old law or the new NDAA/VCAA provisions) is most favorable to the appellant's claim and thus must be applied under *Karnas, supra*? *Compare Baker v. West*, 11 Vet.App. 163, 168 (1998) (where law changed as to portion of rating schedule pertaining to mental disorders after appellant filed appeal with Court, Court remanded for BVA to apply *Karnas* in first instance by making factual determination as to which law was more favorable to appellant), *with Henderson v. West*, 12 Vet.App. 11, 18 (1998) (holding *Karnas* inapplicable because change in law was neutral). In this regard, could the law prior to the enactment of the new NDAA/VCAA provisions be found on any basis to be more favorable to the appellant's claim than the law as amended by these provisions?

(iv) Assuming that it is the Court that ought to decide in the first instance whether the appellant's claim may fall within the scope of any of the new NDAA/VCAA provisions, would application of one or more of those provisions have a potentially beneficial effect, within the meaning of *Karnas, supra,* on this appellant's claim and, if so, what is it?

3

Upon consideration of the foregoing, it is

ORDERED that the Court's October 12, 2000, memorandum decision is withdrawn.  It is further

ORDERED that the appellant's motion for a panel decision is granted.  It is further

ORDERED that, not later than January 5, 2001, each party file with the Court, and serve on the other party, a supplemental brief addressing the questions enumerated above.

Interested amicus curiae are invited to submit within the time allowed to the parties memoranda on the questions enumerated above.  The Court will schedule oral argument at the earliest convenience of the parties after briefs are filed.

The parties and any interested amici are cautioned that the Court does not intend to grant extensions of time with respect to any response to this order.

DATED:       December 1, 2000                    PER CURIAM.