# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1863

IRMGARD M. TURNER, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, IVERS, and GREENE, *Judges.*

## O R D E R

The appellant, Irmgard M. Turner, appeals from the August 31, 1998, decision of the Board of Veterans' Appeals (Board or BVA) which denied her claim for reimbursement of expenses for transporting the body of her deceased husband, the veteran, for burial. As this matter involves an issue of statutory interpretation not previously addressed by the Court, this 3-judge panel is issuing a precedential order. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990) (listing criteria for single-judge disposition); 38 U.S.C. § 7254(b).

On April 19, 1994, the veteran died at Calvary Hospital in New York City. Record (R.) at 13, 39. On April 23, 1994, he was buried in Calvary Cemetery in Louisville, Kentucky. R. at 13, 16. Calvary Cemetery is not a national cemetery. R. at 42.

The appellant applied for burial benefits in December 1994, and VA authorized payment of a $300 burial allowance plus a $150 interment allowance. *See* 38 U.S.C. §§ 2302, 2303(b)(2); R. at 16-17; Supplemental (Suppl.) R. at 1. The veteran's death was considered non-service-connected. *Id*.

A July 1996 rating decision granted service connection for the cause of the veteran's death. R. at 22-23. In September 1996, the appellant filed an informal claim requesting reimbursement for $1,500 spent toward burial costs. R. at 25; *see* 38 U.S.C. § 2307. She also sought reimbursement for $2,075 spent for the transfer of the veteran's remains from the New York hospital in which he had died, to Louisville, Kentucky, where he was buried. R. at 25; *see* 38 U.S.C. § 2308.

VA granted burial allowance in the amount of $1,050, pursuant to 38 U.S.C. § 2307 ($1,500 minus $450 previously awarded). Suppl. R. at 1-2. In October 1997, a VA regional office (RO) denied the claim for reimbursement of the cost of transporting the veteran's remains. The appellant appealed the RO denial to the Board, noting that she had attempted to have the veteran buried at a national cemetery, but was informed that there was no space available at either Zachary Taylor or New Albany National Cemeteries in New York. R. at 31, 42.

The law specifically provides for payment of the cost of transporting the remains of a deceased veteran to a national cemetery. 38 U.S.C. § 2308. In pertinent part, the statute reads as follows:

> Where a veteran dies as the result of a service-connected disability, . . . the Secretary may pay, in addition to any amount paid pursuant to section 2302 or 2307 of this title, the cost of transportation of the deceased veteran for burial in a national cemetery.

In this case, it is undisputed that the veteran was not buried in a national cemetery. In denying reimbursement to the appellant of the cost of transportation of the veteran's remains for burial, the Board concluded, pursuant to the explicit terms of the statute, that payment of the transportation cost could be authorized only when a veteran had been buried in a national cemetery. R. at 6-7. The Court finds that this application of the law to the facts of this case was in accordance with law. *See* 38 U.S.C. § 7261(a)(3)(A) (Court shall set aside decisions that it finds to be not in accordance with law).

Furthermore, the Court finds that the provisions of 38 U.S.C. § 2302(a) permit payment of a maximum of $300 for "burial and funeral expenses of the deceased veteran and the expense of preparing the body and transporting it to the place of burial." Concerning the appellant's suggestion that "the expense of preparing the body and transporting it to the place of burial" (38 U.S.C. § 2302(a)) is not included in the maximum allowance of $300, the Court finds that an interpretation of the statute to that end would defy the plain language contained therein, and would circumvent the intent of Congress in enacting the statute. *See Gardner v. Brown*, 5 F.3d 1456, 1458 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994) (if language of statute is clear, no further interpretation is needed).

The appellant has not made "an extraordinarily strong showing of clear legislative intent in order to convince us that Congress meant other than what it ultimately said," *Id*. at 1460, and the Court concludes that the Board properly interpreted and applied 38 U.S.C. §§ 2302, 2303, 2307, and 2308.

Upon consideration of the foregoing, it is

ORDERED that the August 31, 1998, BVA decision is AFFIRMED.

DATED: December 19, 2000           PER CURIAM.