# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1788

Moses Renti Holliday,                                            Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs,                          Appellee.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges*.

## O R D E R

On October 12, 1999, the appellant appealed a September 30, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that denied increased VA disability ratings for his service-connected sensory impairment and hyperesthesia with trigeminal nerve damage, residuals of a fracture of the left orbital floor, sinusitis, diplopia, and laceration of the left upper eyelid. The appellant filed a brief, and the Secretary filed a motion for summary affirmance. On October 12, 2000, the Court issued a memorandum decision that affirmed the September 1999 BVA decision. On November 1, 2000, the appellant filed a motion for reconsideration and, in the alternative, for a panel decision.

On November 9, 2000, while the appellant's motion for reconsideration was still pending before the Court, Congress enacted the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The VCAA, inter alia, amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"). VCAA § 3(a), 114 Stat. at 2096-98. On December 1, 2000, the Court granted the appellant's motion for a panel decision and ordered supplemental briefing. *Holliday v. Gober*, 14 Vet.App. 197 (2000) (per curiam order). In his January 5, 2001, supplemental brief, the Secretary included a motion for a full Court decision. On February 22, 2001, the full Court denied the Secretary's motion for full Court consideration, *Holliday v. Principi*, U.S. Vet. App. No. 99-1788 (denial of motion for full Court review Feb. 22, 2001) (en banc order), and a panel of the Court issued an opinion that vacated the BVA decision and remanded the matters to the Board. *Holliday v. Principi*, __ Vet.App. __, __, No. 99-1788, slip op. at 15 (Feb. 22, 2001). The Court held "that all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA's enactment." *Id.* at __, slip op. at 9. The Court also stated:

> We conclude, . . . at least at this time, that this Court may not determine in the first instance the specific applicability of the VCAA. Because of this Court's scope of review, the Federal Circuit jurisprudence interpreting that statutory framework, the Secretary's acknowledgments at oral argument, the "strongly and uniquely pro-

claimant" nature of veterans law, the absence of VA implementing regulations, and the concerns of fundamental fairness and fair process, the Court must avoid cutting off an appellant's rights under the VCAA by prematurely injecting itself into the VA adjudication process and making determinations on issues that were not addressed by VA in the first instance.

*Id*. at __, slip op. at 15.

On March 15, 2001, the Secretary filed a motion for panel reconsideration of the February 22, 2001, opinion or, in the alternative, for a full Court decision. In the motion, the Secretary notes that in *Holliday*, in declining to decide whether there were any classes of cases that are not affected by the VCAA, the Court held that it "could not obviate in the first instance the requirement for the Secretary to provide notice," *Id*. at __, slip op. at 12-13. He contends that that holding "conflicts with earlier Court precedent wherein the Court specifically found that the VCAA did not affect the issue decided, that of whether a federal statute allows the payment of interest on past[-]due benefits. *Smith (Claudus) v. Gober*, 14 Vet.App. 227, 231-32 (2000)." Motion at 1-2.

For the following reasons, the panel will deny the Secretary's motion for panel reconsideration. Before the Court in *Smith* was "a claim for payment of accrued interest on an award of past-due benefits." *Id*. at 228, 232. In *Smith*, the Court held that, because no statute or regulation authorized the Secretary to make a payment of interest on past-due VA benefits, the Court could not, as a matter of law, require the Secretary to award the interest payments, which were the basis of the claim, sought by the appellant. *Id*. at 231. In other words, the Court held in *Smith* that such a claim *on its face*, without regard to any analysis of the record on appeal, was not cognizable within the veterans benefits scheme and that, "[t]herefore, there is no reason to consider the VCAA in deciding this case." *Id*. at 232. Here, however, unlike in *Smith*, a rating-increase claim *is* on its face a valid claim for veterans benefits. *See* 38 U.S.C. §§ 501(a), 5110(a); 38 C.F.R. § 3.157 (2000). Accordingly, we find no inconsistency between *Smith* and *Holliday*, and the motion for panel reconsideration will be denied.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for panel reconsideration is denied. The Secretary's alternative motion for a full Court decision is referred to the full Court for consideration.

DATED:      April 27, 2001                          PER CURIAM.

2