# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1667

Daniel P. Herlehy, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

## O R D E R

The appellant, Daniel P. Herlehy, appeals through counsel an August 25, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that denied a claim for a rating of total disability due to individual unemployability (TDIU). Record (R.) at 8. The appellant filed a brief, the Secretary filed a motion for summary affirmance, and the appellant filed a response to that motion. For the reasons that follow, the Court will dismiss this appeal for lack of jurisdiction.

As a preliminary matter, the Court notes that the appellant, on September 29, 2000, submitted a letter which included additional argument in response to the Secretary's motion for summary affirmance. The appellant submitted that letter after he had filed a response to the Secretary's motion. The Court notes that the Secretary has not filed any motion opposing the filing of that letter. Thus, the Court will construe that letter as a request to file an addendum to his September 13, 2000, response; grant that request; and accept for filing, as of the date that it was received, the appellant's September 29, 2000, addendum.

In May 1989, a VA regional office (RO) awarded the appellant service connection for post-traumatic stress disorder (PTSD) and assigned a 50% rating, effective in August 1986. R. at 323. In August 1994, the RO awarded the appellant service connection for heart disease and assigned a 100% rating, effective in July 1989; denied a rating above 50% for PTSD; and denied a TDIU rating. The RO stated: "Such entitlement is no longer a valid and ratable issue as schedular 100% evaluation has been granted." R. at 361. In May 1996, the Board denied an effective date earlier than July 1989 for heart disease; granted a rating increase to 70% for PTSD; denied a TDIU rating due to PTSD for the period of August 1986 to July 1989; and determined that a claim for a TDIU rating due to service-connected disabilities was moot (R. at 488). Later in May 1996, the RO granted an effective date in August 1986 for the 70% rating for PTSD. R. at 492-93.

The appellant appealed to this Court and, in a March 18, 1998, memorandum decision, the Court, inter alia, denied an effective date earlier than July 1989 for the 100% schedular rating for heart disease; determined that the appellant had abandoned his claim for a 100% schedular rating for

PTSD; denied a TDIU rating due to PTSD for the period from August 1986 to July 1989; and remanded to the Board for an adequate statement of reasons or bases the question whether a TDIU rating is available where the appellant already has a 100% schedular rating. R. at 563-68. The appellant did not appeal that Court decision.

On remand, the Board requested an opinion from the VA General Counsel as to whether a TDIU rating is available where the appellant already has a 100% schedular rating for a different disability (R. at 658-59), and the General Counsel issued VA Gen. Coun. Prec. 6-99 (June 7, 1999), which concluded that a "claim for [a TDIU rating] for a particular service-connected disability may not be considered when a schedular 100-percent rating is already in effect for another service-connected disability" (R. at 683). R. at 7-8. Based on that opinion, *see* 38 U.S.C. § 7104(c) (Board is bound by VA General Counsel precedential opinions), the Board determined that the appellant was not entitled to consideration of a TDIU claim from July 1989 forward. R. at 8. During that same period, the appellant twice notified the Board that he was not asking for a TDIU rating due to PTSD after July 1989 but was requesting a TDIU rating due to PTSD from August 1986 to July 1989. R. at 661-62, 691-93. In the August 1999 BVA decision, the Board, on the ground that that matter had been disposed of by the Court in its March 1998 memorandum decision, did not address the merits of the appellant's argument as to a TDIU rating due to PTSD for August 1986 to July 1989. R. at 6.

On appeal, the appellant "concedes that the issue of [a TDIU rating] with respect to PTSD is effectively moot for all periods after July 1989, because no additional benefit would be available to the [appellant] for that period" where he already had a 100% schedular rating for heart disease. Brief at 4, 6-7; Addendum at 1. This Court has adopted the jurisdictional restrictions of the case or controversy rubric under Article III of the Constitution of the United States. *See Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990); *see also Aronson v. Brown*, 7 Vet.App. 153, 155 (1994). When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction. *See Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam order). Consequently, the Court will dismiss the appeal with respect to the post-July 1989 TDIU claim because no case or controversy remains. *See Aronson* and *Mokal*, both *supra*.

The appellant argues, in essence, that he should be granted a TDIU rating due to PTSD for the period from August 1986 to July 1989, a period that is prior to the effective date of his 100% rating for heart disease. He contends that such a TDIU rating is warranted because the medical evidence supports the conclusion that his PTSD rendered him unemployable at that time. Brief at 4-6.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). In general, the Court has jurisdiction to review a final BVA decision only where a Notice of Disagreement (NOD) was filed under 38 U.S.C. § 7105 on or after November 18, 1988, as to an underlying RO decision. *See* Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); *Hamilton v. Brown*, 4 Vet.App. 528, 531-32 (1993) (en banc), *aff'd*, 39 F.3d 1574, 1583-85 (Fed. Cir. 1994). The exception to that general rule

2

is 38 U.S.C. § 7111, which permits an appeal to this Court of a Board decision on clear and unmistakable error (CUE) in a prior Board decision, which is an original claim to the Board, without a jurisdiction-conferring NOD. *See* Pub.L. No. 105-111, § 1(c)(2), 111 Stat. 2271, 2272 (1997). In all other cases, the Board's jurisdiction is dependent on the appellant's having filed an NOD. *See* 38 U.S.C. § 7105(a), (c); *Garlejo v. Brown*, 10 Vet.App. 229, 232 (1997) (Board did not err in refusing to adjudicate matter as to which no NOD was filed). This Court's jurisdiction is derivative of the Board's jurisdiction, 38 U.S.C. § 7252(a), and the Court has jurisdiction to assess its own jurisdiction, *see Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996); *Smith (Irma) v. Brown*, 10 Vet.App. 330, 332 (1997).

In the instant case, because the appellant did not appeal to the U.S. Court of Appeals for the Federal Circuit the Court's March 1998 denial of the pre-July 1989 TDIU rating, that denial became final, *see* 38 U.S.C. § 7291, and may not be reconsidered based on the same factual basis, *see* 38 U.S.C. § 7104(b); *see also* 38 U.S.C. §§ 5108, 5109A, 7111. The Court notes that there is no NOD in the record on appeal with respect to a claim to reopen pursuant to section 5108 or a CUE claim as to an RO decision pursuant to section 5109A. Because there is no such NOD, the Board, at the time of its August 1999 decision, did not possess jurisdiction over the pre-July 1989 TDIU claim. *See* 38 U.S.C. § 7105(a), (c); *Garlejo*, *supra*. In this regard, the Court notes that the Board, in essence, made a determination that it did not have jurisdiction to consider that claim when, as noted above, it stated that it would not address that claim because the Court had disposed of it in the March 1998 memorandum decision. R. at 6. Hence, this Court does not have jurisdiction to review the pre-July 1989 TDIU claim, *see* 38 U.S.C. §§ 7252(a), and the appeal as to that claim must be dismissed. The Court notes, however, that there appears to be pending before the Board a claim of CUE in a 1986 BVA decision (R. at 579), which the Board has not considered and as to which the appellant has not made an argument to this Court.

Upon consideration of the foregoing, it is

ORDERED that the appellant's September 29, 2000, construed motion to file an addendum to his September 13, 2000, response is granted and the appellant's September 29, 2000, addendum is accepted for filing as of the date that it was received. It is further

ORDERED that the appellant's appeal is DISMISSED for lack of jurisdiction.

DATED: June 7, 2001                                             PER CURIAM.


STEINBERG, *Judge*, concurring: I concur in the dismissal of the appeal for lack of jurisdiction over the matter of the appellant's claim for a retroactive award of a rating of total disability based on unemployability from August 1986 to July 1989. My views on the general merit of this claim are set forth in my dissenting statement to the Court's 1998 denial of a panel decision. *Herlehy v. West*, 11 Vet.App. 448, 449-52 (1998) (per curiam order) (Steinberg, J., dissenting). I do not believe that the provisions of 38 C.F.R. § 4.16(a) (2000) (and former § 4.16(c) (1996)) were

properly applied by the Board of Veterans' Appeals (Board) in its 1996 decision. Moreover, in terms of the equities of this claim, it is notable that the very heart condition that the Board previously found had contributed to the appellant's unemployability during the approximately three-year period in question was in July 1989 determined to be service connected and assigned a schedular 100% disability rating. Although, technically, the Board in 1996 correctly found that the appellant was not entitled to an effective date earlier than July 6, 1989, for that award, it appears that he was *in fact* unemployable during that period due either to the effects of his then 70% disabling service-connected post-traumatic stress disorder (PTSD) or to the combined effects of his then service-connected 70% disabling PTSD and his later-determined 100% disabling service-connected heart condition.

I note that neither the Board nor this Court can provide equitable relief. *See Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997) ("Court is not a court of equity and cannot provide equitable relief" (citing *Harvey v. Brown*, 6 Vet.App. 416, 425 (1994)); *cf. Suttmann v. Brown*, 5 Vet.App. 127, 138 (1993) (BVA without jurisdiction to review Secretary's exercise of 38 U.S.C. § 503(a) equitable-relief discretion). However, the appellant is free to apply to the Secretary for the exercise of his equitable-relief discretionary authority under 38 U.S.C. § 503. *See* 38 C.F.R. § 2.7 (2000); *Taylor v. West*, 11 Vet.App. 436, 440-41 (1998); *Zimmick v. West*, 11 Vet.App. 45, 50-51 (1998); *Moffit*, 10 Vet.App. at 225 (citing, inter alia, *Darrow v. Derwinski*, 2 Vet.App. 303, 304-06 (1992) (section 503(a) authorizes Secretary to grant relief that is equitable in nature as distinct from Secretary's authority, exercised through the Board, to determine entitlement to benefits under the law)); *Erspamer v. Brown*, 9 Vet.App. 507, 512 (1996) (because authority to grant equitable relief under section 503 is discretionary with Secretary, that authority is not appropriate ground for Court to use as basis for remand to Board).

The appellant has not asked the Court to recall its mandate and judgment as to its March 18, 1998, memorandum decision regarding this claim. As I stated in my separate statement in *Hudson v. West*, I don't believe it would be appropriate for the Court, sua sponte, to initiate such an action even if it believed that there had been a miscarriage of justice in this case. *Hudson*, 13 Vet.App. 470, 472-73 n.2 (Steinberg, J., concurring) (appellant's failure to move Court to recall judgment and mandate weighs heavily against Court's exercise of discretionary power to do so).

In view of the foregoing, I am constrained to join in the Court's dismissal of this appeal.

4