# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-547

SHANNON D. SMITH, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  April 16, 2002  )

*Virginia Y. Middleton*, of Fayetteville, Arizona, was on the brief for the appellant.

*Tim S. McClain,* General Counsel; *R. Randall Campbell,* Acting Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Linda L. Keyser*, all of Washington, D.C., were on the brief for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and HOLDAWAY, *Judges*.

HOLDAWAY, *Judge*, filed the opinion of the Court.  KRAMER, *Chief Judge*, filed an opinion concurring in part and dissenting in part.

HOLDAWAY, *Judge*:  Before the Court is the appellant's application, filed through counsel, for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA).  *See* 28 U.S.C. § 2412.  For the following reasons, the Court will deny the application.

The appellant's EAJA application followed an order of the Court, issued by the Clerk of the Court, that vacated a February 6, 2001, Board of Veterans' Appeals (Board or BVA) decision, and remanded the appellant's claim for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000).  After the order was issued, the parties filed a joint motion for remand, stating that although the Board's decision addressed the VCAA, "the discussion [wa]s not thorough enough to indicate with certainty that the provisions of the VCAA ha[d] been met, specifically with respect to notice and the

Secretary's duty to assist," as clarified in this Court's subsequent decision in *Holliday v. Principi*, 14 Vet.App. 280 (2001) (holding that all provisions of the VCAA are potentially applicable to claims pending on the date of enactment). Joint Motion (Mot.) at 3.

"The Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F)." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). In order to be eligible for an EAJA award, the applicant must file the EAJA application within the 30-day period set forth in 28 U.S.C. § 2412(d)(1)(B), and the application must contain (1) a showing that the applicant is a prevailing party within the meaning of EAJA; (2) an assertion that the applicant's net worth does not exceed $2 million; (3) an allegation that the position of the Secretary at the administrative level or in litigation was not substantially justified; and (4) an itemized statement of the fees and expenses sought. *See* 28 U.S.C. § 2412(d); *see also Thayer v. Principi*, 15 Vet.App. 204 (2001); *Cullens, supra; Bazalo v. Brown*, 9 Vet.App. 304, 308 (1996) (en banc) (holding that "statement that [the appellant] is a prevailing party satisfies eligibility requirement for jurisdiction purposes"), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380, 1384 (Fed.Cir.1998). The appellant's EAJA application was filed within the 30-day EAJA application period set forth in the statute; she has stated that her net worth does not exceed $2 million; she has provided an itemized statement of the fees sought supported by an affidavit from counsel; and she has alleged that the Secretary's position at the administrative stage was not justified. Because she has made no argument that the government's position during the litigation stage was not justified, the Court will not review that matter. *See Bucklinger v. Brown*, 5 Vet.App. 435 (1993) (holding that arguments not made on appeal are deemed abandoned).

In determining the appellant's eligibility to receive EAJA fees, the Court must find both that the appellant is a prevailing party under EAJA and that the government's position at the administrative or litigation stage was unjustified. *See Stillwell v. Brown*, 6 Vet.App. 291 (1994). Whether the appellant is a prevailing party is a threshold question in obtaining an EAJA award.

"[I]f the benefit sought in bringing the litigation is not awarded, only a remand predicated upon administrative error confers EAJA prevailing party status on an appellant." *Sachs v. Principi,* 15 Vet.App. 414 (2002) (citing *Sumner v. Principi*, 15 Vet.App. 256 (2001) (en banc)). Here, the appellant did not obtain the relief sought in bringing the litigation. Instead, she obtained a remand

2

for readjudication. Therefore, the focus of our inquiry must turn to whether the remand obtained in this case was predicated upon administrative error. In this case, the Court concludes that it was. The joint motion for remand states:

> While the Board did refer to the VCAA in its decision, the discussion is not thorough enough to indicate with certainty that the provisions of the VCAA have been met, specifically with respect to notice and the Secretary's duty to assist. (*See* BVA [decision] at 11). On remand the BVA must reevaluate Appellant's claim considering the provisions of the VCAA and provide an adequate statement of reasons or bases as to whether all of the provisions of the VCAA have been met considering the facts of this case.

Joint Mot. at 3; *see also* 38 U.S.C. § 7104 (D)(1); *Allday v. Brown*, 7 Vet.App. 517; 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). In so stating, the Secretary confessed error at the administrative level. In *Cycholl v. Principi*, the Court held that "under this Court's binding precedent, . . . [a] remand . . . predicated on adjudicative error by the BVA, affords the appellant prevailing-party status." 15 Vet.App. 355, 359 (2001). Therefore, because the Secretary confessed error at the administrative level, and the remand was predicated upon that error, the Court holds that the appellant is a prevailing party for the purposes of EAJA.

Because attaining prevailing party status is only one threshold requirement for attaining EAJA eligibility, prevailing party status alone does not confer entitlement to an EAJA award. Although often confused, the issues of prevailing party and substantial justification are separate and distinct. The Court may conclude that the Board erred in making a decision, thus making the appellant a prevailing party, but still deny the application because the Secretary was substantially justified. Therefore, since the appellant is a prevailing party, the Court will examine the issue of substantial justification.

Once an EAJA applicant alleges that the Secretary's position was not substantially justified, the burden shifts to the Secretary to show that the government's position was substantially justified in order to avoid paying EAJA fees. *See Locher v. Brown*, 9 Vet.App. 535, 537 (1996). The Secretary's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Stillwell*, 6 Vet.App. at 302 (quoting *Pierce v. Underwood*, 487 U.S. 552, 556 n.2 (1988)). In demonstrating that its position was substantially justified, VA must establish the reasonableness of its position, which is based upon the "totality of the

circumstances." *Id.* (citing *Essex Electro Engineers, Inc. v. United States*, 757 F.2d 247, 252 (Fed. Cir. 1985)).  If the actions were reasonable, then the actions were substantially justified. *See Stillwell, supra.*  The purpose of EAJA is not to punish the government for decisions later determined incorrect, but rather to afford appellants an avenue through which to address government abuse (i.e., action taken in the face of *known* law that is contrary to the Secretary's position).  EAJA "'was never intended to chill the government's right to litigate . . . reasonably substantiated positions, whether or not the position later turns out to be wrong.'" *Carpenter v. West*, 12 Vet.App. 316, 321 (1999) (quoting *Stillwell,* 6 Vet.App. at 303).

> In defining the scope of what is considered reasonable, the Court in *Stillwell* noted that:

> The Federal Circuit in *Essex* set forth the following guidelines: (1) reasonableness is determined by the totality of circumstances, and not by any single-factor approach; (2) reasonableness "turns on what support in law and fact the government offered in defending its case, and . . . the merits of the agency decision constitute only one factor in evaluating the justification for the government's litigating position in court," *Essex*, 757 F.2d at 253 (citation omitted); (3) whether the government "drag[ged] its feet," or "cooperated in speedily resolving the litigation," *id*.; and (4) whether the government "departed from *established* policy in such a way as to single out a particular private party," *id*. at 254 (citation omitted).

6 Vet.App. at 302 (emphasis supplied).  In determining whether the Secretary has carried his burden of proof of demonstrating that his position, at the administrative stage, was reasonable, "[t]he Court looks to the 'relevant, determinative circumstances'" present. *Stephens v. West*, 12 Vet.App. 115, 118 (1999) (citations omitted).  The Board's decision must be weighed against the caselaw that prevailed when the government adopted its position. *Bowey v. West*, 218 F.3d 1373, 1377 (Fed. Cir. 2000).

At the time of the Board's February 6, 2001, decision, the Court had not yet addressed the full scope and effect of the VCAA.  Although the elimination of the well-grounded-claim requirement was obvious, clear, and unambiguous from the plain language of the legislation, in hindsight,  little else was.  Indeed, this Court struggled for some time to come to grips with the full extent of what this sweeping legislation did and did not intend.  Evidencing this are the cases decided by the Court in the weeks following the enactment of the VCAA.  For example, *Turner v. Gober*, 14 Vet.App. 224 (2000), issued on December 19, 2000, and *Ozer v. Principi*, 14 Vet.App. 257 (2001), issued on February 6, 2001, failed to mention the existence of the VCAA, and although *Smith (Claudus) v. Gober*, 14 Vet.App. 227, 231 (2000), issued on December 22, 2000, addressed the VCAA, it found

4

"no reason to consider . . . [it] in deciding [the] case." Similarly, although *Woods v. Gober*, 14 Vet.App. 214 (2000), issued on December 15, 2000, acknowledged the existence of the VCAA, it failed to address fully the new legislation's effect, if any, on the claim. Further complicating the issue was the fact that at that time the Federal Circuit was also deciding cases that failed to acknowledge the existence of the VCAA. *See generally Allen v. Principi*, 237 F.3d 1368 (Fed. Cir. 2001); *Smith (Daniel) v. Gober*, 236 F.3d 1370 (Fed.Cir. 2001); and *Holbrook v. Gober*, 2 Fed.Appx. 911, 2001 WL 32079 (Fed.Cir.). These cases are not cited for their precedential value, but rather to demonstrate of how the Federal Circuit was addressing, or more appropriately, not addressing, the issue of application and scope of the VCAA in the weeks shortly after its enactment.

Further evidencing the ambiguity surrounding the meaning and scope of the VCAA is the Court's briefing order in *Holliday v. Gober*, 14 Vet.App. 197 (2000), issued December 1, 2001. In that order, the Court instructed the parties, as well as amicus, to submit briefs addressing various of issues surrounding the VCAA, including, inter alia, whether certain provisions were meant to be applied retroactively to claims pending at the time of the enactment of the act; whether VA or the Court should decide in the first instance "whether [an] appellant's claim may fall within the scope" of the VCAA; and whether such a decision could even be made before promulgation of regulations by the Secretary as provided for in the legislation. *Id*. at 198-99. Furthermore, the extent to which certain provisions needed to be applied or examined was not known. Indeed, this Court spent many months, even after the decision in *Holliday v. Principi, supra*, issued February 22, 2001, dealing with substantially similar issues. For example, 6 months after the Court issued *Holliday*, the Court issued *Livesay v. Principi*, 15 Vet.App. 165 (2001) (en banc), addressing for the first time the issue of the VCAA's effect on claims of clear and unmistakable error (CUE) in previous and final decisions. *Livesay* highlights the fact that this Court was still attempting to come to grips with defining the full scope and intent of the VCAA long after its passage.

The Court, even now, is still addressing the ramifications of the act, albeit, in large part, in relation to EAJA applications. In *Cycholl, supra*, the Court, in a matter where the Board issued a decision after the VCAA's enactment which failed to address the VCAA, held that the Secretary's defense of an EAJA fee application lacked substantial justification because the Board was obligated at the time of the decision at least to address the VCAA. 15 Vet.App. at 359-61. The case currently

before the Court however, is distinguishable from *Cycholl* in that the Board in this case *did* discuss the VCAA. Thus, *Cycholl* is not dispositive of the case at hand. The question then is whether the Board was substantially justified in adopting the position that it did.

It is significant that the law as it existed at the time of the Board's February 6, 2001, decision was unclear about the scope and extent of the application of the VCAA. Even though the VA General Counsel issued a precedential opinion shortly after the enactment of the VCAA, that opinion dealt with applicability of the statute but not its extent. *See* VA Gen. Coun. Prec. 11-00 (Nov. 27, 2000). The Board acknowledged the enactment of the VCAA and stated:

> Among other things, this law eliminates the concept of a well-grounded claim [and] redefines the obligations of the VA with respect to the duty to assist. The [regional office] has not had the opportunity to review the veteran's claim in conjunction with the new legislation. However, the Board finds that all pertinent records are on file and the veteran has been informed of the requirements for an earlier effective date. Accordingly, the Board finds that the veteran has not been prejudiced by this decision. *Bernard v. Brown*, 4 Vet.App. 384 (1993).

*Shannon Smith*, BVA 99-01319, at 11 (Feb. 6, 2001). It was not until this Court's decision in *Holliday v. Principi* on February 22, 2001, that the uncertainty surrounding the issue of which claims the VCAA would apply to was, by and large, removed. The Court views its decision in *Holliday* as one of the more "relevant [and] determinative circumstances" presented in this case. *See Stephens, supra.* The Court notes that it was the decision in *Holliday v. Principi* that apparently prompted the Secretary to agree to a joint motion for remand. Indeed, the first and foremost reason for remand cited in the joint motion is *Holliday*. *See* Joint Mot. at 1. Although the joint motion also states that the Board's analysis of the VCAA did not indicate with enough certainty that all of the provisions of the VCAA had been satisfied, this concession is offered with hindsight, with *Holliday* in view. There was no way for the Board to have known on February 6, with any reasonable certainty, that on February 22, the Court would interpret the VCAA as holding all provisions of the act potentially applicable to all pending claims. *See Holliday,* 14 Vet.App. 280. The language of the act did not say clearly and unambiguously on its face what the Court ultimately determined it meant. To require the Board to have known to discuss at more length all provisions of the VCAA in deciding the appellant's relatively simple claim would in effect require the Board to be prescient.

The Court finds the Secretary's concessions in the joint motion merely highlighting his understanding of the law as announced in the *Holliday* decision. However, there simply was no way for the Board to have predicted what this Court would hold in relation to the provisions of the VCAA, which on their face were not clearly and unmistakably unambiguous. Given the decisions issued by the Court after the VCAA's enactment but preceding the Board's decision, a reasonable person, before the evolution of the law starting with *Holliday*, could have found the Board's analysis correct. In short, there cannot be a lack of substantial justification based solely upon the Board's failure to predict what the law will become.

In determining reasonableness, the Court's focus must be upon the law in effect *at the time the government adopted its position* in the case, *see Bowey, supra,* for as the Supreme Court stated in *Pierce, supra,* our concern is "not what the law now is, but what the government was substantially justified in believing it to have been." 487 U.S. at 561. From that vantage point, when viewing the Board's decision in this case, the only issue is whether it is reasonable to find that the Board's decision, at the time it was made, had a reasonable basis in law and fact. *See Stillwell, supra.* Given the case law issued by this Court and the Federal Circuit before the Board's decision, it was reasonable for the Board to discuss the VCAA only briefly in order to determine its applicability. *See Olney v. Brown*, 7 Vet.App. 160 (1994). Thus, we conclude that the Secretary's position was substantially justified at the administrative stage. *See Locher, supra.* Accordingly, the appellant's EAJA application is DENIED.

KRAMER, *Chief Judge*, concurring in part and dissenting in part: I agree with the majority that the appellant is a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), and I grant that the tenor of the majority's analysis as to substantial justification may be appropriate generally. However, for the reasons discussed below, I believe that substantial-justification analysis does not work under the facts of this case.

I agree that the state of the law at the time of the Board of Veterans' Appeals (Board or BVA) decision would leave the Board in some doubt as to what notice content was required under the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). Here, however, we are not addressing whether the Board was substantially justified, i.e.,

acted reasonably, as to its conclusion regarding the content of the notice; rather, we are addressing whether the Board, in determining that adequate notice was provided, acted reasonably in failing to provide an adequate statement of reasons or bases for that conclusion, the error that the Secretary conceded in the May 29, 2001, joint motion for remand. Specifically, the Board's finding of fact that "the veteran has been informed of the requirements for an earlier effective date" (*Shannon D. Smith*, BVA 99-01319, at 11 (Feb. 6, 2001)) is not supported by any evidence set forth in the BVA decision regarding any notice provided to the appellant. Indeed, the Board made no express statement of supporting evidence in conjunction with its finding, and the decision contains no implicit evidentiary support, which a discussion of relevant evidence in the factual background section may have provided. As the Secretary conceded in the joint motion for remand, the Board's "discussion is not thorough enough to indicate with certainty that the provisions of the VCAA have been met, specifically with respect to notice . . ." (Motion at 3). Accordingly, because the Board failed to provide an adequate statement of reasons or bases and because our case law as to the reasons-or-bases requirement was clear at the time of the BVA decision, *see* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990), in my view, the Secretary's position at the administrative stage, that "the veteran ha[d] been informed of the requirements for an earlier effective date" (*Smith*, BVA 99-01319, *supra*), was not substantially justified. *See ZP v. Brown*, 8 Vet.App. 303, 304 (1995) (per curiam order). I would therefore hold that an award of attorney fees is warranted in this case.