# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-547

SHANNON D. SMITH,                                                    APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                        APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

In a panel opinion dated April 16, 2002, the Court denied the appellant's application for fees and expenses pursuant to Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), finding that the position of the Secretary was substantially justified. *Smith v. Principi*, 16 Vet.App. 71 (2002). On May 7, 2002, the appellant filed a motion for reconsideration and an alternative motion for a full Court decision.

On consideration of the foregoing and the record on appeal, it is

ORDERED by the panel that the appellant's motion for reconsideration is denied. It is further

ORDERED by the en banc Court that the appellant's motion for a full Court decision is denied.

DATED:  23 August, 2002                           PER CURIAM.


STEINBERG, *Judge*, dissenting:  I voted to grant the appellant's motion for a full-Court decision as to this application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) (EAJA), because I believe that the opinion of the panel here, *Smith (Shannon) v. Principi*, 16 Vet.App. 71 (2002), is inconsistent with this Court's opinion in *Cycholl v. Principi*, 15 Vet.App. 355, 359-361 (2001), as well as with other well-established EAJA precedent in this Court's caselaw on the substantial-justification question.[1]  I also believe that the opinion is ill advised

---

[1]  U.S. VET. APP. R. 35(C) ("[o]rdinarily [motions for full-Court decision] will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions"); *see also* INTERNAL OPERATING PROCEDURES V. (a)(3), 10 Vet.App. CDXXVI (1997).

for the reasons set forth in Chief Judge Kramer's dissenting opinion. *Smith (Shannon)*, 16 Vet.App. at 77 (Kramer, C.J., dissenting).

### A. Board Decision and the VCAA

The February 6, 2001, decision of the Board of Veterans' Appeals (Board or BVA) on appeal in this case made reference to the Veterans Claims Assistance Act of 2000 (VCAA)[2] in only the following five sentences:

> On November 9, 2000, the President signed into law the [VCAA]. Among other things, this law eliminates the concept of a well-grounded claim [and] redefines the obligations of the VA with respect to the duty to assist. The [regional office] has not had the opportunity to review the veteran's claim in conjunction with the new legislation. However, the Board finds that all pertinent records are on file and the veteran has been informed of the requirements for an earlier effective date. Accordingly, the Board finds that the veteran has not been prejudiced by this decision. *Bernard v. Brown*, 4 Vet.App. 384 (1993).

*Smith (Shannon)*, 16 Vet.App. at 76 (quoting BVA decision). The VCAA eliminated the well-grounded-claim requirement in former section 5107 of title 38, U.S. Code, and, inter alia, amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"). Specifically, section 5103(a) contains two discrete notification requirements in two separate sentences. The first sentence provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim.

38 U.S.C. § 5103(a). The second sentence then provides:

> As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

---

[2] Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000).

*Ibid*. These separate requirements are not fungible. They are just as distinct from each other as though they were provisions in separate subsections or paragraphs. The Board's consideration and discussion of the first sentence does not satisfy its obligation to consider and discuss the second sentence, any more than would discussion of pre-VCAA 38 U.S.C. § 5107(a) (regarding the well-grounded-claim threshold and VA's duty to assist) have provided an adequate discussion of subsection (b) of that section (regarding the benefit of the doubt).

### B. Holdings in Cycholl *and Prior EAJA Caselaw*

In *Cycholl*, *supra*, the Court expressly rejected the Secretary's assertion that the Board was substantially justified in not discussing the potential applicability of the VCAA, including the section 5103(a) notice requirements, in a BVA decision issued after the VCAA's enactment. *Cycholl*, 15 Vet.App. at 358-359. The Court specifically discussed the Secretary's argument that the Board's misfeasance was substantially justified "because '[t]he basis for the remand . . . involved the Court's recent decision in *Holliday v. Principi*'".[3] *Id*. at 360. The Court concluded in *Cycholl* that, for four reasons, the Board could not have been substantially justified in its failure to discuss the VCAA's new chapter 51 adjudication requirements and provisions: (1) At the time of the Board's November 29, 2000, decision in *Cycholl*, the Court's caselaw was very well established that, under *Karnas v. Derwinski*,[4] a remand was required for the Board to consider the application of a newly enacted law that was potentially applicable (on the latter score, see point (3), below); (2) section 7104(a) of title 38, U.S. Code, requires the Board to consider, and section 7104(d)(1) requires the Board to discuss,[5] "all . . . potentially applicable provisions of law and regulation", *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *see also Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order); (3) under *ZP v. Brown* and *Elcyzyn v. Brown*,[6] the Board cannot be substantially

---

[3] *Holliday v. Principi*, 14 Vet.App. 280, 286 (2001), *mot. for recons. denied*, 14 Vet.App. 237 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order).

[4] In *Karnas v. Derwinski*, the Court held that "where the law or regulation changes after a claim has been filed or reopened but before the administrative . . . appeal process has been concluded, the version mo[re] favorable to [the] appellant should . . . apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so". *Karnas*, 1 Vet.App. 308, 313 (1991).

[5] Specifically, section 7104(a) provides in pertinent part: "Decisions of the Board [of Veterans Appeals (Board)] shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." 38 U.S.C. § 7104(a). Section 7104(d)(1) provides that each Board decision "shall include . . . a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record". 38 U.S.C. § 7104(d)(1); *see e.g.*, *Allday v. Brown*, 7 Vet.App 517, 527 (1995) (holding that section 7104(d)(1) requires that statement of reasons or bases "must be adequate to enable a claimant to understand the precise basis for the Board decision, as well as to facilitate review in this Court").

[6] *ZP v. Brown*, 8 Vet.App. 303, 304 (1994) (per curiam order) (citing *Elcyzyn*, *infra*, and holding that Secretary's position was not substantially justified in failing "to provide an adequate statement of reasons or bases in its denial of the appellant's . . . claim . . . long after the Court had clearly articulated the parameters of the reasons or bases requirement in *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990)"); *Elcyzyn v. Brown*, 7 Vet.App. 170, 176 (1994)

3

justified for EAJA purposes when it fails to comply with applicable Court opinions such as *Karnas*, *supra*; and (4) the Board, at the time of its February 6, 2001, decision in *Cycholl*, was bound by precedent opinions of the Department of Veterans Affairs (VA) General Counsel (GC)[7], and two days before the BVA decision there the GC had issued VA Gen. Coun. Prec. 11-00 (Nov. 27, 2000) [hereinafter G.C. Prec. 11-00] holding that "all of the [VCAA]'s provisions apply to claims filed on or after "November 9, 2000, as well as to claims filed before then but not finally decided as of that date." *Cycholl*, 15 Vet.App. at 360 (quoting G.C. Prec. 11-00).

A closer examination of these conclusions from *Cycholl* demonstrates why the Board in the instant case lacked substantial justification:

> [T]he VA General Counsel issued a precedent opinion that concluded "that all of the [VCAA]'s provisions apply to claims filed on or after November 9, 2000, as well as to claims filed before then but not finally decided as of that date." [G.C. Prec. 11-00]. Under section 7104(c) of title 38, the Board is bound by, inter alia, "the precedent opinions of the chief legal officer of the Department." See 38 U.S.C. § 311 (General Counsel is VA's "chief legal officer"); *Herlehy v. Principi*, 15 Vet. App. 33, 34 (2001) (per curiam order) (citing section 7104(c) for proposition that "Board is bound by VA General Counsel precedential opinions"). Because the November 29, 2000, Board decision in this case failed to discuss the applicability of the VCAA to this claim, and because the Board was bound by G.C. Prec. 11-00, which concluded that the VCAA was applicable to such claims, the Board failed to abide by section 7104(c). Furthermore, the Board's failure to follow section 7104(c) and G.C. Prec. 11-00 constituted a failure to "consider[] . . . [all] applicable provisions of law", as required by 38 U.S.C. § 7104(a), and also rendered inadequate the Board's statement of reasons or bases. *See ZP*, *supra* (Court awarded EAJA fees and expenses upon finding Secretary's position at administrative stage not substantially justified where Court on merits had vacated BVA decision on appeal based on Board's failure to provide adequate statement of reasons or bases pursuant to 38 U.S.C. § 7104(d)(1) for the Board's denial of rating-increase claim, and Court cited, inter alia, *Gilbert*[ *v. Derwinski*, 1 Vet.App. 49, 57 (1990),] which had been decided over nine months before Board

---

(holding that Secretary's position was not substantially justified in failing to follow "relevant statutory provisions as interpreted by precedential decisions of the Court", namely *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), and *Gilbert*, *supra*).

[7] *See* 38 U.S.C. § 7104(c); *Cycholl v. Principi*, 15 Vet.App. 355, 360 (2001) (citing *Herlehy v. Principi*, 15 Vet.App. 33, 34 (2001) (per curiam opinion)); *see also* 38 C.F.R. § 20.901(c) (2001).

decision vacated by the Court); *see also Elcyzyn, supra* (to same effect).

*Cycholl*, 15 Vet.App. at 360. Here, in contrast, the panel opinion appears to be setting up a scenario in which, as long as the Board merely ***mentions*** the VCAA, the Board's failure, in violation of both sections 7104(a) and 7104(d)(1), to consider and discuss at all a particular VCAA provision, such as the second section 5103(a) notice requirement, will be considered substantially justified for EAJA purposes. Such a suggestion constitutes a major departure from the Court's EAJA caselaw, as embodied, for example, in *Cycholl*, *ZP*, and *Elcyzyn*, all *supra*.

### C. Deficiencies in Panel Opinion

Notwithstanding the above caselaw, the divided panel opinion in the instant case excuses the Secretary's failure to comply with three distinct statutory requirements, 38 U.S.C. § 7104(a) (Board required to consider all applicable provision of law and regulation), 38 U.S.C. § 7104(d)(1) (Board required to discuss all such applicable provisions in the reasons or bases for its decision and do so adequately)[8], and 38 U.S.C. § 7104(c) (Board bound by precedent opinions of VA's GC). The majority's stated rationale for excusing this conceded noncompliance is that "the law as it existed at the time of the Board's February 6, 2001, decision [in the instant case] was unclear about the scope and extent of the application of the VCAA"; "[i]t was not until this Court's decision in *Holliday* [, *supra*,] on February 22, 2001, that the uncertainty surrounding the issue of which claims the VCAA would apply to was, by and large, removed"; and "[t]o require the Board to have known to discuss at more length all provisions of the VCAA in deciding the appellant's relatively simple claim would in effect require the Board to be prescient . . . as to what this Court would [later] hold [in *Holliday*, *supra*]". *Id*. at 76. All three of these rationales are invalid. The question is not what the VCAA notice requirements meant at that time but whether all the VCAA's provisions were ***considered*** and ***discussed*** in the Board's decision, as was then required by applicable law and precedent. *See*, *e.g.*, *Weaver*, *supra*. The *Holliday* opinion held only that that case and similar cases needed to be remanded so that the BVA could consider the VCAA's applicability in the first instance, a holding very much in line with G.C. Prec. 11-00, which ***pre***dated the Board decision at issue.

The majority's opinion states correctly the following standard for measuring the reasonableness (the primary criterion for determining whether the Secretary's position at the administrative stage is substantially justified for EAJA purposes[9]) of the BVA's actions:

---

[8] *See supra* note 5.

[9] In *Stillwell v. Brown*, this Court articulated the following test for determining substantial justification under 28 U.S.C. § 2412(d)(1)(A), (B):

> VA must demonstrate the reasonableness, in law and fact, of . . . the action or failure to act by . . . VA in matters before . . . VA, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such . . . action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

5

> In determining reasonableness, the Court's focus must be upon the law in effect *at the time the government adopted its position* in the case for as the [U.S.] Supreme Court stated, our concern is "not what the law now is, but what the government was substantially justified in believing it to have been."

*Id*. at 77 (citations omitted). Against this standard, the Board was totally unjustified in failing to discuss both of the notice requirements in the VCAA-amended section 5103(a) including, of course, the notice requirements in the second sentence.[10] Regarding the applicability of the VCAA, the law binding on the BVA at the time of its February 6, 2001, decision in this case was the GC precedent opinion issued more than two months earlier than the BVA decision and holding that all provisions of the VCAA, including **both** new section 5103(a) notice requirements, were applicable to cases pending on the date of the VCAA's enactment. No decision of this Court was necessary in order for the Board to be required to follow that GC opinion; the face of the statute itself required that the Board follow that GC precedent opinion, 38 U.S.C. § 7104(c). Indeed, the Board's obligation in this respect is made totally clear by the following statement made by the Secretary very recently in a pleading filed in response to a Court order in another case, *Matlock v. Principi*, 16 Vet.App. 188 (2002), under 28 U.S.C. § 2412(d)(1)(A), (B), regarding the binding nature of this GC opinion:

> [G.C. Prec.] 11-200 . . . has been binding on VA, including the [regional offices] and the Board, since that time [its issuance 'on November 27, 2000'] . . . . and was also in effect [on March 29, 2001,] and bound the Board as it rendered [on that date] the decision . . . on appeal . . . . All sections of the VCAA were applicable to [the appellant's] claims.

Secretary's July 23, 2002, Response (in *Matlock*, *supra*) at 5,6.

In the instant case, however, the Board's discussion of the VCAA extended only to the amendments regarding well-grounded claims and VA's duty to assist. The discussion ignored completely the second sentence in section 5103(a)'s notice requirements regarding the duty of the Secretary to inform the claimant about which information and evidence the Secretary would "attempt

---

*Stillwell*, 6 Vet.App. 291, 302 (1994).

[10] The Court recently issued an opinion holding that the Board's failure to comply with the notice requirement in the second section 5103(a) sentence, although there was compliance with the first sentence (through "two documents the Secretary sent to the appellant noting which evidence would be useful to support the appellant's attempt to reopen his claim"), was remandable error. *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002) (vacating BVA decision and remanding where Secretary failed to comply with notice requirements of section 5103(a), as amended by VCAA, and 38 C.F.R. § 3.159(b), as amended by 66 Fed.Reg. 45,620, 45,630 (Aug. 29, 2001), and where BVA failed to enforce compliance with these new requirements).

to obtain" and which was "to be provided by the claimant", 38 U.S.C. § 5103(a).[11] *See Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002). The Court has held heretofore that such an omission has rendered the Secretary's position lacking in substantial justification, *see Cycholl*, *ZP*, and *Elcyzyn*, all *supra*, and should have done so here.

### D. Conclusion

For the above reasons, the Court should consider the case en banc, and I respectfully dissent from the denial of the appellant's motion for such consideration.

---

[11]Chief Judge Kramer's dissenting opinion persuasively concluded as to compliance with the first section 5013(a) requirement:

> Specifically, the Board's finding of fact that "the veteran has been informed of the requirements for an earlier effective date" (*Shannon D. Smith*, BVA 99-01319, at 11 (Feb. 6, 2001)) is not supported by any evidence set forth in the BVA decision regarding any notice provided to the appellant. Indeed, the Board made no express statement of supporting evidence in conjunction with its finding, and the decision contains no implicit evidentiary support, which a discussion of relevant evidence in the factual background section may have provided. As the Secretary conceded in the joint motion for remand, the Board's "discussion is not thorough enough to indicate with certainty that the provisions of the VCAA have been met, specifically with respect to notice . . . [.]" (Motion at 3). Accordingly, because the Board failed to provide an adequate statement of reasons or bases and because our case law as to the reasons-or-bases requirement was clear at the time of the BVA decision, *see* 38 U.S.C. § 7104(d)(1); *Allday*[, *supra*]; *Gilbert*[, 1 Vet.App. at 57], in my view, the Secretary's position at the administrative stage, that "the veteran ha[d] been informed of the requirements for an earlier effective date" (*Smith*, BVA 99-01319, *supra*), was not substantially justified. *See ZP v. Brown*, 8 Vet.App. 303, 304 (1995) (per curiam order). I would therefore hold that an award of attorneys fees is warranted in this case.

*Smith (Shannon)*, 16 Vet.App. 71, 77 (2001) (Kramer, C.J., dissenting)