# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-2284

DEANA L. WEAVER, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and IVERS, *Judges.*

## O R D E R

Before the Court is the appeal of the November 22, 2000, decision of the Board of Veterans' Appeals (Board or BVA) that concluded that a home loan guaranty indebtedness, in the amount of $4,265.00 plus accrued interest, was validly established against the veteran, and denied a waiver of recovery of that debt. This Court has jurisdiction pursuant to 38 U.S.C. § 7252.

On December 13, 2000, the then-pro se appellant submitted correspondence which the Court construed as a motion pursuant to Rule 8 of the Court's Rules of Practice and Procedure for a stay or injunction pending appeal. The construed motion complains of collection actions initiated by VA while the appellant's claims are pending on appeal and seeks the Court's assistance to stay any and all collection efforts until the Court renders a final decision on her appeal. The Court ordered the Secretary to respond to the construed motion. On February 20, 2001, the Secretary filed a response, indicating that the "indebtedness has been transferred to the United States Department of the Treasury . . . for collection" pursuant to statute. Included in his response was a motion requesting that the Court stay proceedings for 60 days to permit the "formulation of the Secretary's position" on whether a stay or injunction should issue.

In adjudicating claims, the Board is required to base its decision upon all evidence and material of record and to consider all applicable provisions of law and regulation. *See* 38 U.S.C. § 7104(a); *see also* 38 C.F.R. § 3.303(a) (2000). The Board must provide an adequate written statement of the reasons or bases for its findings and conclusions on "all material issues of fact or law presented on the record." 38 U.S.C. § 7104(d)(1); *see also Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). On November 9, 2000, the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), was enacted. Among other things, the VCAA eliminated the well-grounded-claim requirement and modified the Secretary's duties to notify and assist claimants. *See generally* VCAA, §§ 3, 4, 7.

During oral argument, which was held on March 15, 2001, the appellant's counsel referenced the VCAA and argued that the appellant was entitled to more assistance than VA afforded her. The

Board's decision here, issued after the November 9, 2000, enactment of the VCAA, fails to mention the new statute or to indicate whether the Board considered if the appellant, in light of the VCAA, is entitled to additional notification or assistance from VA prior to adjudication of her claim. For these reasons, we hold that the Board failed to adequately consider "all . . . applicable provisions of law" and to provide an adequate statement of the reasons or bases for its decision. *See* 38 U.S.C. § 7104(a); *see also Baker v. West*, 11 Vet.App. 163, 169 (1998) (Board shall determine in first instance which version of law is most favorable to claimant); *Karnas v. Derwinski*, 1 Vet.App. 308, 312-313 (1991) (where statute or regulation changes during appellate process, version more favorable to claimant shall apply). Accordingly, the Court will vacate the Board's November 22, 2000, decision and remand the matter for readjudication.

The collection efforts of which the appellant complains were predicated upon the existence of a valid debt. In view of the Court's disposition of this matter, there is no cause to rule on legal or equal protection concerns potentially implicated by the collection efforts. *See, e.g.*, 31 U.S.C. § 3711(g) (the provision that an agency head "shall transfer" a debt to the Secretary of the Treasury "shall not apply" to "any debt or claim that . . . is in litigation"). However, because the Board's decision is vacated by this order, there no longer exists a predicate for the debt and the appellant's claim remains pending at VA. *See* 38 U.S.C. §§ 7252(a) (Court authorized to remand matters); 7261(a)(3)(A) (Court authorized to set aside Board decisions not in accordance with law); *see also* 38 C.F.R. § 20.1103 (2000) (regional office's determination on claim is final only if appeal to Board is not perfected). Under these circumstances, the Court trusts that the Secretary will take all actions necessary to ensure that collection measures cease and resume only if and when there is a final determination of unwaived indebtedness.

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of her claim. *See Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order). "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). Further, the Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997). If the circumstances warrant, the Board is authorized and obligated to remand the claim to the VA regional office for further development. *See* 38 C.F.R. § 19.9(a) (2000); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

Upon consideration of the foregoing, it is

ORDERED that the November 20, 2000, Board decision is VACATED, the matter is REMANDED to the Board for readjudication, and the appellant's construed motion for a stay or injunction and the Secretary's motion for a stay of proceedings are denied as moot.

DATED: Mar 15, 2001                                                      PER CURIAM.

2