# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-634

KARLOS R. JOHANNES,                                                          APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                     APPELLEE.


Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

On June 26, 2002, in a single-judge order, the Court denied the appellant's application for attorney fees and expenses filed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). On July 8, 2002, the appellant, through counsel, filed a motion for reconsideration or, in the alternative, for a panel decision. Upon consideration of the foregoing and the parties' prior pleadings, it is by the single judge

ORDERED that the motion for reconsideration is denied. It is by the panel

ORDERED that the motion for a decision by a panel is denied.

DATED:      September 25, 2002             PER CURIAM.

STEINBERG, *Judge*, dissenting: I voted to grant the appellant's motion for a panel decision, and I did so for two reasons. Both my reasons relate to the reliance on *Smith (Shannon) v. Principi*, 16 Vet.App. 71 (2002), in the single judge's June 26, 2002, denial of the appellant's application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). *Johannes v. Principi*, No. 01-634 (June 26, 2002) (unpublished order). First, this case is clearly distinguishable from *Smith (Shannon)* where the Board, albeit in a most cursory fashion, did address the new 38 U.S.C. § 5103(a) notice requirements enacted in the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), which, inter alia, amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"), VCAA § 3(a), 114 Stat. at 2096-98, by stating there, "the veteran has been informed of the requirements for an earlier effective date", *Smith (Shannon)* 16 Vet.App at 76.[1] In contrast, in the instant case, over two months after the VCAA was enacted, the

---

[1] *See also Quartuccio v. Principi*, 16 Vet.App. 183, 186-87 (2002) (holding that section 5103(a), as amended by VCAA, and § 3.159(b), as recently amended, 66 Fed.Reg. 45620, 45630 (Aug. 29, 2001), require VA to inform claimant of which evidence VA will provide and of which

Board made no statement pertaining to VA notice, notification, or informing of any fashion whatsoever to the claimant. Instead, the Board specifically addressed only the duty "to assist in developing the facts pertinent to the claim" and the revised requirements eliminating the well-grounded claim requirement, as enacted in the VCAA. *Karlos R. Johannes*, BVA 99-25 283, at 8-9 (Feb. 16 , 2001).

The Board stated in full regarding the VCAA, as follows:

> When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 4, 114 Stat. 2096, 2098-99 (2000) (to be codified as amended at 38 U.S.C. § 5107).

*Johannes*, BVA 99-25 283, at 8.

> In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the appellant in developing the facts pertinent to his claim is required to comply with the duty to assist him as amended by the Veteran's Claims Assistance Act of 2000 Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2097-98 (2000) (to be codified at 38 U.S.C. § 5103A).
>
> In reaching this determination, the Board has considered the fact that the law with respect to the duty to assist has been significantly changed since the most recent Supplemental Statement of the Case was issued to the veteran.
>
> Congress recently passed the Veteran's Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000), modifying the adjudication of all pending claims. As set forth above, the new law revises the former 38 U.S.C.A. § 5107(a) to eliminate the requirement that a claimant come forward first with evidence to well ground a claim before the Secretary is obligated to assist the claimant in developing facts pertinent to the claim. It also specifically enumerates the requirements of the duty to assist.
>
> In this case, the Board finds that the veteran is not prejudiced by its consideration of his claim pursuant to this new legislation without it first being considered by the RO. As set forth above, VA has already

evidence claimant is to provide, and remanding where VA failed to do so).

2

met all obligations to the veteran under this new legislation. Moreover, the veteran and his representatives have been afforded the opportunity to submit evidence and argument on the merits of the issue on appeal, and have done so.

In view of the foregoing, the Board finds that the veteran will not be prejudiced by its actions and that a remand for adjudication by the RO would only serve to further delay the resolution of the veteran's claims. *See Bernard v. Brown*, 4 Vet.App. 384, 392-94 (1993).

Having determined that the duty to assist has been satisfied, the Board turns to an evaluation of the veteran's claim on the merits.

*Johannes*, BVA 99-25 283, at 8-9.

There is no question that the BVA decision was seriously deficient here under 38 U.S.C. §§ 7104(a) and 7104(d)(1) and *Weaver v. Principi*, 14 Vet.App. 301, 302 (2001). Hence, the parties on June 12, 2002, filed a joint motion to remand for two stated reasons. The first related to *Holliday v. Principi*, 14 Vet.App. 280, *mot. for recons. denied*, 14 Vet.App 327 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order), a case decided six days after the BVA decision here. As the second reason, the parties stated in full:

The second reason that remand is required is that the development of Appellant's underlying case was made on the basis of chapter 51's previous requirements as to providing notice and obtaining evidence. The BVA noted the passage of the VCAA and found that the duty to assist had been met as required by the VCAA. However, the Board did not indicate whether it considered if Appellant is entitled, in light of the notice provisions of the new law, to additional notification from VA prior to adjudication of his claim. Specifically, the Board did not indicate whether it considered if Appellant had been notified, pursuant to VCAA, of what medical evidence would be required to substantiate the claim, which records were to be provided by Appellant and which records, if any, the Secretary would attempt to obtain on Appellant's behalf. *See* 38 U.S.C. § 5103(a).

Thus, the Board failed to provide an adequate written statement of the reasons or bases for its findings and conclusions on "all material issues of fact or law presented on the record." 38 U.S.C. § 7104(d)(a); *see Weaver v. Principi*, 14 Vet.App. 301 (2001) (per curiam); *see also Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). On remand, the BVA must reevaluate Appellant's claim considering the notice provisions of the VCAA and provide an adequate statement of reasons

3

> or bases as to whether [] all of the provisions on the VCAA have been met considering the facts of this case.

Joint Motion for Remand (Joint Motion) at 2-3.

I do not see how the Secretary can be found to be substantially justified in his administrative position at the Board, *see Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *Stillwell v. Brown*, 6 Vet. App. 291, 302-03 (1994), when the Board decision clearly and concededly violated two of the most basic statutory requirements in chapter 72 of title 38, U.S. Code: The Board's duty to consider under section 7104(a) all "potentially" applicable provisions of law and regulation[2] and its duty to include in its decision under section 7104(d)(1) an adequate statement of reasons or bases for its analysis and decision.[3] These two statutory provisions of such paramount importance were authoritatively discussed by our en banc Court over ten years ago in the unanimous opinion in *Russell v. Principi*, 3 Vet.App. 310, 314-15 (1992) (en banc), and thereafter in numerous other cases.[4]

Second, I also dissent for the reasons set forth in my dissenting statement to the en banc's Court's order denying a motion for a full-Court decision in *Smith (Shannon) v. Principi*, __ Vet.App.___, ___ , No. 01-0547*, ___ WL ___, at *__ (August __, 2002) (Steinberg, dissenting). I believe that *Smith (Shannon)* was decided in a way that conflicts with much applicable EAJA precedent, including *Cycholl v. Principi*, 15 Vet.App. 355, 360 (2001); *ZP v. Brown*, 8 Vet.App. 303, 304 (1994) (per curiam order); and *Elcyzyn v. Brown*, 7 Vet.App. 170, 176 (1996). In sum, because in my view, *Smith (Shannon)* was wrongly relied on as controlling precedent, I voted for a panel decision here in order to grant the EAJA application in accordance with *Cycholl*, *ZP*, and *Elcyzyn*, all *supra*, as discussed in my dissent in *Smith (Shannon)*, *supra*.

---

[2] *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *see Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order); *Sanden v. Derwinski*, 2 Vet.App. 97, 100 (1992) (providing that Board is to consider "all potentially applicable" provisions of law and regulation).

[3] *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990).

[4] *See, e.g., Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order); *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gabrielson v. Brown*, 7 Vet.App. 36, 39-40 (1994)*; see also Sanden v. Derwinski*, 2 Vet.App. 97, 100 (1992); *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990).