# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-272

ANTHONY D'ANGELO,                                          APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges*.

## O R D E R

On June 18, 2002, the Court, in a single-judge order, denied the appellant's application for attorney fees and expenses filed pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On July 9, 2002, the appellant filed a motion for reconsideration or, in the alternative, a motion for a panel decision.

Upon consideration of the foregoing and the parties' prior pleadings, it is

ORDERED by the single judge that the appellant's motion for reconsideration is denied. It is further

ORDERED by the panel that the appellant's motion for a panel decision is denied.

DATED:      October 17, 2002          PER CURIAM.

STEINBERG, *Judge*, dissenting: I voted to grant the appellant's application for a panel decision, and did so for the same two reasons set forth in my dissenting statement to the Court's recent order denying a motion for a panel decision in *Johannes v. Principi*, No. 01-634, __ Vet.App. __, 2002 WL 31165091 (per curiam order) (Vet.App. Sept. 25, 2002) (Steinberg, J., dissenting).

In the instant case, the Board stated in full regarding the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), as follows:

> Regarding the veteran's claim for an earlier effective date than May 10, 1993, for service connection for diabetes mellitus, all relevant facts have been properly developed and no further assistance to the veteran is required in order to comply with the duty to assist. *See* Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, __ (2000) (to be codified as amended at 38 U.S.C. §§ 5103, 5103A).
> . . . .

> As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine does not apply, and the claim for an effective date earlier than May 10, 1993, for the grant of service connection for diabetes mellitus must be denied. *See* Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, __ (2000) (to be codified as amended at 38 U.S.C. § 5107(b)[)].

Record (R.) at 6-8. The parties' May 18, 2001, joint motion for remand in the instant case contained the same language as quoted in my *Johannes* dissent; in both cases, the Secretary conceded that the Board erred under 38 U.S.C. §§ 7104(a) and 7104(d)(1). *Johannes*, __Vet.App.__, 2002 WL at * 2-3. As in *Johannes*, I do not see how the Secretary can be found to be substantially justified in the administrative position taken by the Board, given the very fundamental nature of the Board's error, and I believe that *Cycholl v. Principi*, 15 Vet.App. 355, 360 (2001), and the cases it relied upon, apply here rather than *Smith (Shannon) v. Principi*, 16 Vet.App 261 (2002).