STEINBERG, Judge,
dissenting:
I voted to grant the appellant’s application for a panel decision, and did so for the same two reasons set forth in my dissenting statement to the Court’s recent order denying a motion for a panel decision in Johannes v. Principi, 16 Vet.App. 332 (per curiam order) (Vet.App. Sept. 25, 2002) (Steinberg, J., dissenting).
In the instant case, the Board stated in full regarding the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), as follows:
Regarding the veteran’s claim for an earlier effective date than May 10, 1993, for service connection for diabetes melli-tus, all relevant facts have been properly developed and no further assistance to the veteran is required in order to comply with the duty to assist. See Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, § 3(a), 114 Stat. 2096, - (2000) (to be codified as amended at 38 U.S.C. §§ 5103, 5103A).
As the preponderance of the evidence is against the claim, the benefit-of-the-. doubt doctrine does not apply, and the claim for an effective date earlier than ■May 10, 1993, for the grant of service connection for diabetes mellitus must be denied. See Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, § 3(a), 114 Stat.2096,-(2000) (to be codified as amended at 38 U.S.C. § 5107(b)[)].
Record (R.) at 6-8. The parties’ May 18, 2001, joint motion for remand in the instant case contained the same language as quoted in my Johannes dissent; in both cases, the Secretary conceded that the Board erred under 38 U.S.C. §§ 7104(a) and 7104(d)(1). Johannes, 16 Vet.App. at 333-34. As in Johannes, I do not see how the Secretary can be found to be substantially justified in the administrative position taken by the Board, given the very fundamental nature of the Board’s error, and I" believe that Cycholl v. Principi, 15 Vet.App. 355, 360 (2001), and the cases it relied upon, apply here rather than Smith *407 (Shannon) v. Principi, 16 Vet.App. 261 (2002).