KRAMER, Chief Judge,
concurring:
I concur in the vacatur of the August 14, 2000, Board of Veterans’ Appeals (Board or BVA) decision and remand of the appellant’s claim. I write separately, however, because I believe that the remand in this case should be ordered at this time on a somewhat different basis.
On appeal to this Court, the appellant asserts that he did not appeal the April 1998 determination by the Winston-Salem VA regional office (RO) that the amount of his pre-tax special separation bonus (SSB) subject to recoupment was $20,755.14. Appellant’s Brief (Br.) at 11; see Record (R.) at 111-14. The appellant further asserts and the record reflects that the Board, in its July 31,1998, decision dealing with the assignment of effective dates for his service-connected disabilities, recognized that the amount of pre-tax SSB subject to recoupment was not at issue and that, in April 1998, the Winston-Salem RO had determined that $20,755.14 was the pre-tax SSB amount to be recouped. Appellant’s Br. at 11; see R. at 123. The appellant then asserts that, subsequent to the filing with this Court of his Notice of Appeal from that July 1998 BVA decision, the joint remand sought by the parties and ordered by the Court was for the sole purpose of calculating and refunding to him, in light of the amendment of 10 U.S.C. § 1174(h)(2) during the pendency of his claim, the amount of federal income tax that had been withheld from his SSB. Appellant’s Br. at 12; see R. at 135-38, 141, 143; 10 U.S.C. § 1174(h)(2) (amount equal to total amount of separation pay, inter alia, received less amount of federal income tax withheld from that pay shall be deducted from disability compensation); see also Transportation Equity Act for the 21st Century, Pub.L. No. 105-178, § 8208, 112 Stat. 107, 495 (1998); National Defense Authorization Act for Fiscal Year 1997, Pub.L. No. 104-201, § 653, 110 Stat. 2422, 2583 (1996). The appellant argues that, therefore, the issue of the proper amount of his pre-tax SSB that is subject to recoupment was not properly before the Board when it rendered either its June 28, 1999, decision remanding his claim to the RO or its August 14, 2000, decision presently on appeal. Appellant’s Br. at 11-14. (I note that the June 1999 remand was for further development and that, in that remand, the BVA directed the RO, inter alia, to specifically note how it had arrived at the amount of SSB to be recouped. R. at 319-22.) The ultimate result of those Board decisions was an increase in the pre-tax SSB amount subject to recoupment.
The initial question presented to the Court here is whether the April 1998 Winston-Salem RO determination that the pre-tax SSB amount subject to recoupment was $20,755.14 (which pre-tax amount subsequently was increased to $30,049.92 in July 1999 by the Baltimore RO and was affirmed by the BVA in the decision on appeal) was in appellate status and thus properly before the Board. In *436 this regard, it does not appear from the record on appeal (ROA) that the appellant filed a Notice of Disagreement (NOD) as to the April 1998 Winston-Salem RO decision. See 38 U.S.C. § 7105 (filing NOD and appeal). Compare Collaro v. West, 136 F.3d 1304, 1308-09 (Fed.Cir.1998) (as to appellant’s general and broad NOD), with Ledford v. West, 136 F.3d 776, 779-80 (Fed.Cir.1998) (as to appellant’s specific and limited NOD). The ROA does reflect, however, that, when his case previously was before this Court on appeal, the appellant joined in a joint motion for remand that required VA to determine the applicability to and the effect upon his case of the amendment of 10 U.S.C. § 1174(h)(2), which amendment required the deduction from pre-tax SSB of the amount of federal income tax withheld to determine the net amount of SSB to be recouped. R. at 136-37, 141; see R. at 143 (February 19, 1999, Court order granting motion to remand and vacating July 1998 BVA decision).
In the August 2000 decision presently on appeal, the Board “point[ed] out” (in essence concluded) that the April 1998 Winston-Salem RO decision regarding the correct amount of the appellant’s pre-tax SSB to be used in a recoupment calculation was “rendered during the course of the present appeal” and, therefore, pursuant to the appellate process, was being reviewed in its decision. R. at 6. However, given that the Board did not address the matters discussed in the preceding paragraph in so concluding that this issue was in appellate status, I believe that the Board reached this conclusion prematurely and thus failed to provide an adequate statement of reasons or bases as to why it had the authority to consider the accuracy of $20,755.14 as the pre-tax SSB amount subject to recoupment. See 38 U.S.C. § 7104(d)(1); Weaver v. Principi, 14 Vet.App. 301, 302 (2001) (per curiam order); Allday v. Brown, 7 Vet.App. 517, 527 (1995); Gilbert v. Derwinski, 1 Vet.App. 49, 57 (1990). Thus, I would vacate the August 14, 2000, Board decision and remand the appellant’s claim for readjudication on this basis.