STEINBERG, Judge,
concurring.
For the reasons stated in the Court’s opinion, I join in the Court’s opinion vacating the Board of Veterans’ Appeals (Board) decision and remanding the matter for further proceedings. However, I would also hold that the Board committed certain other errors warranting remand.
First, regarding the matter of referral for extraschedular consideration pursuant to 38 C.F.R. § 3.321(b)(1), the Board did not address in its statement of reasons or bases certain evidence favorable to the veteran. The Board is required to consider all evidence of record and to consider, and discuss in its decision, all “potentially applicable” provisions of law and regulation. Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991); see 38 U.S.C. § 7104(a); Weaver v. Principi, 14 Vet.App. 301, 302 (2001) (per curiam order); Sanden v. Derwinski, 2 Vet.App. 97, 100 (1992). The Board is also required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board’s decision, as well as to facilitate review in this Court. See 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995); Gilbert v. Derwinski, 1 Vet.App. *26 49, 56-57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet.App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table); Gabrielson v. Brown, 7 Vet.App. 36, 39-40 (1994); Gilbert, supra.
As argued by the appellant, the Board failed to discuss in its analysis the finding contained in a 1999 VA compensation and pension (C & P) social-worker report that the veteran should be “considered as unemployable by any definition of the term” (Record (R.) at 311). Certainly, a statement that relates directly to the issue of the veteran’s employability should be discussed when determining whether his case should be referred to the Director of the C & P Service for extraschedular consideration under 38 C.F.R. § 3.321(b). Additionally, the Board failed to mention that the veteran had been assigned a Global Assessment of Functioning (GAF) score of 40 in that same September 1999 C & P social-worker report (R. at 311). The Board thus did not carry out its duty to analyze the probative value of that GAF score and to provide any reasons for its rejection of that evidence. See Caluza, Gabrielson, and Gilbert, all supra. That GAF score may be indicative of a high level of occupational impairment, see Richard (Mary) v. Brown, 9 Vet.App. 266, 267 (1996) (recognizing that GAF score of 50 (signifying considerably less occupational impairment than GAF score of 40) indicated “serious impairment in ... occupational ... functioning”), and is a significant factor in determining the veteran’s capacity for self support, see Bowling v. Principi, 15 Vet.App. 1, 14 (2001) (remanding because, inter alia, Board, in adjudicating unemployability claim, failed to address evidence of record that appellant had been assigned GAF score of 50). The Court, therefore, should also remand the extras-chedular-rating matter to the Board to provide an adequate statement of reasons or bases that discusses the material evidence not evaluated by the Board that appears to be favorable to the appellant. See 38 U.S.C. § 7104(d)(1); 38 C.F.R. § 3.321(b)(1) (2002); Caluza, Gabrielson, and Gilbert, all supra.
In analyzing the appellant’s entitlement to extrasehedular-rating consideration for each of his service-connected disabilities, the Board concluded that the evidence in the record did not demonstrate a marked interference with employment (or frequent periods of hospitalization) pursuant to 38 C.F.R. § 3.321(b) for either his low back strain or degenerative arthritis of the thoracic spine. R. at 15, 17; see 38 C.F.R. § 3.321(b)(1). However, the Board erred in its application of the regulation by failing to determine whether the appellant’s service-connected disabilities as a whole entitled him to extrasehedular-rating consideration under § 3.321(b)(1). When VA evaluates a case for extraschedular consideration, the regulation directs the examination of the veteran’s “average earning capacity impairment due exclusively to his service-connected disability or disabilities.” 38 C.F.R. § 3.321(b)(1) (emphasis added). In this case, although the RO had evaluated the veteran’s two service-connected disabilities collectively as a basis for extraschedular consideration, the Board neglected to do so. Because the Board did not apply § 3.321(b)(1) correctly, its statement of reasons or bases was not adequate as to its basis for upholding the RO’s decision not to make a referral for extraschedular consideration. See 38 U.S.C. § 7104(a), (d)(1); 38 C.F.R. § 3.321(b)(1); Fleshman v. Brown, 9. Vet. *27 App. 548, 552-53 (1996); Allday and Gilbert, both supra.
Furthermore, the Board failed to provide an adequate statement of reasons or bases regarding VA’s failure to obtain certain medical records (“YRMC” records) that were specifically identified by the appellant in an April 1999 statement (R. at 244) that he submitted to the RO. The Board stated merely: “Although it appears that he may have identified treatment records for two outpatient visits at YRMC’ in late 1998 and that the records of such visits may not be in the file, subsequent outpatient records have been obtained and the veteran was afforded a VA spinal examination in August 1999.” R. at 13. That statement is inadequate to enable the appellant to understand why the Board did not obtain, or at least seek to obtain, those records that were specifically identified by the appellant. See Caluza, Gabrielson, and Gilbert, all supra; see also Godwin v. Derwinski, 1 Vet.App. 419, 425 (1991) (holding that under prior 38 U.S.C. §§ 4104(d)(1) and 5107(a) VA is obligated to respond to specific “request for VA assistance one way or the other”).
Additionally, the Board violated the new section 5103A duty-to-assist provisions enacted in the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), regarding those records. New section 5103A provides, in pertinent part:
§ 5103A. Duty to assist claimants
(a) Duty To Assist. — (1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant’s claim for a benefit under a law administered by the Secretary.
(b) Assistance in Obtaining Records. — (1) As part of the assistance provided under subsection (a), the Secretary shall make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain.
(2) Whenever the Secretary, after making such reasonable efforts, is unable to obtain all of the relevant records sought, the Secretary shall notify the claimant that the Secretary is unable to obtain records with respect to the claim. Such a notification shall—
(A) identify the records the Secretary is unable to obtain;
(B) briefly explain the efforts that the Secretary made to obtain those records; and
(C) describe any further action to be taken by the Secretary with respect to the claim.
38 U.S.C. § 5103A (a)(1), (b)(1)-(2). In this case, the Secretary did not comply with the provisions of this section. Although the appellant identified “YRMC” records in his April 1999 letter (R. at 244), the Board did not obtain these records. The Board reasoned that the failure of the Secretary to obtain the ‘YRMC” records was cured by the subsequent gathering of outpatient records and the provision of a VA medical examination. R. at 13. However, section 5103A does not provide that this failure can be cured; rather, as is evident from the provisions quoted above, section 5103A(b)(2) provides for a specific course of Secretarial action when a potentially applicable record is identified by a claimant and when it is unobtainable. There is in the record on appeal no indication either of VA’s “reasonable efforts” to obtain ‘YRMC” records or of VA’s having notified the veteran of the reason for its failure to obtain such records. See 38 U.S.C. § 5103A(b)(2); see also Godwin, *28 supra. Therefore, the case should be remanded on this ground as well.