Citation Nr: 1829623 
Decision Date: 06/25/18 Archive Date: 07/02/18

DOCKET NO. 17-58 188 ) DATE
 )
 )


THE ISSUE

Whether there was clear and unmistakable error (CUE) in a July 16, 1990 Board of Veterans' Appeals (Board) decision that denied service connection for the cause of the Veteran's death.


REPRESENTATION

Moving party represented by: Kenneth M. Carpenter, Attorney


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel




INTRODUCTION

The Veteran had active service from April 144 to December 1946. Unfortunately, he died in March 1989. The moving party is his surviving spouse.

This matter is currently before the Board on the moving party's October 2017 motion for revision or reversal on the grounds of CUE in the July 16, 1990 Board decision denying service connection the cause of the Veteran's death.


FINDINGS OF FACT

1. In a final decision dated July 16, 1990, the Board denied service connection for the cause of the Veteran's death. The moving party was provided with a copy of the decision and did not appeal the Board decision to the United States Court of Appeals for Veterans Claims (Court).

2. The moving party has not alleged an error of fact or law in the July 16, 1990 Board decision that compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different, but for the error. 


CONCLUSION OF LAW

Clear and unmistakable error in the Board's July 16, 1990 decision that denied service connection for the cause of the Veteran's death has not been established. 38 U.S.C. §§ 5109A, 7111 (2012); 38 C.F.R. §§ 20.1400-1411 (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Applicable Caselaw, Statutory, and Regulatory Provisions

A prior final Board decision must be reversed or revised where evidence establishes that there is CUE in the prior final decision. 38 U.S.C. §§ 5109A, 7111; 38 C.F.R. §§ 20.1400-02. All final Board decisions are subject to revision on the basis of CUE except for those decisions which have been appealed to and decided by the Court and decisions on issues which have subsequently been decided by the Court. 38 C.F.R. § 20.1400.

The motion to review a prior final Board decision on the basis of CUE must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy this requirement. Motions that fail to comply with these requirements shall be dismissed without prejudice to refiling. See 38 C.F.R. § 20.1404(b); see also Disabled American Veterans v. Gober, 234 F.3d 682 (Fed. Cir. 2000); Simmons v. Principi, 17 Vet. App. 104 (2003). The Board finds that the present motion complied with these requirements and the motion is properly before the Board for consideration on the merits.

Motions for review of prior Board decisions on the grounds of CUE are adjudicated pursuant to the Board's Rules of Practice. 38 C.F.R. Part 20. CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. Review for CUE in a prior Board decision must be based on the record and the law that existed when that decision was made. To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1403, 20.1404.

The Court has set forth a three-pronged test to determine whether CUE is present in a prior determination: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at that time were incorrectly applied; (2) the error must be "undebatable" and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994), Russell v. Principi, 3 Vet. App. 310 (1992). 

Examples of situations that are not CUE include: (1) a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; (2) a failure to fulfill VA's duty to assist the moving party with the development of facts relevant to his claim; or (3) a disagreement as to how the facts were weighed or evaluated. See 38 C.F.R. § 20.1403(d). CUE also does not encompass the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation. See 38 C.F.R. § 20.1403(e).

Before deciding a claim, the Board is required to consider all relevant evidence of record and to consider and discuss in its decision all "potentially applicable" provisions of law and regulation. Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991); Weaver v. Principi, 14 Vet. App. 301, 302 (2001) (per curiam order). In addition, the Board must include in its decision a written statement of the reasons or bases for its findings and conclusions, adequate to enable an appellant to understand the precise basis for the Board's decision. 38 U.S.C. § 7104(a) ("Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record"). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed.Cir.1996) (table); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).

Discussion

The Veterans Claims Assistance Act of 2000 (VCAA) is inapplicable to CUE claims, and therefore need not be discussed herein. Livesay v. Principi, 15 Vet. App. 165 (2001) (en banc); 38 C.F.R. § 20.1411(c).

In the present case, the moving party alleges CUE in a July 16, 1990 Board decision that denied service connection for the cause of the Veteran's death. The pertinent laws and regulations at the time of this decision were similar, if not essentially the same, as they are now. 

Dependency and Indemnity Compensation (DIC) is payable to the surviving spouse of a veteran if the veteran died from a service-connected disability. 38 U.S.C. 
§ 1310; 38 C.F.R. § 3.5(a)(1). In order to establish service connection for the cause of death, the evidence must show that a disability incurred in or aggravated by active service was the principal or contributory cause of death. 38 C.F.R. 
§ 3.312(a). The issue involved will be determined by exercise of sound judgment, without recourse to speculation, after a careful analysis has been made of all the facts and circumstances surrounding the death of the veteran. 38 C.F.R. § 3.312(a).

In order to constitute the principal cause of death, the service-connected disability must be one of the immediate or underlying causes of death, or etiologically related to the cause of death. 38 C.F.R. § 3.312(b). A contributory cause of death is inherently not one related to the principal cause. In order to constitute the contributory cause of death, it must be shown that the service-connected disability contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 38 C.F.R. § 3.312(c)(1).

At the time of the Veteran's death, he was in receipt of service connection for Horner's syndrome (a facial nerve disability), anxiety reaction, amputation of the left index finger, causalgia syndrome (a peripheral nerve pain disability), a right forehead scar, and bilateral trench foot.

The Veteran died in March 1989. According to his death certificate, his immedicate cause of death was metastatic carcinoma to the liver due to prostate carcinoma. Other significant conditions that contributed to death, but not resulting in the immediate cause of death, included liver failure and hepato-renal syndrome. The death certificate was signed by the Veteran's treating physician, Dr. P.M.

Here, in the October 2017 CUE motion, the moving party raised a single allegation of error related to the application of the statutory or regulatory provisions in the July 16, 1990 Board decision. The moving party argued that, had such error not been committed, the July 16, 1990 Board decision manifestly would have granted service connection for the cause of the Veteran's death. As explained above, the review for CUE in a prior Board decision is based on the record and the law that existed when that decision was made. See 38 C.F.R. § 20.1403(b).

Turning to the moving party's argument in support of the CUE motion, she argues that the Board failed to correctly apply the provisions of 38 C.F.R. § 3.312. Specifically, she argues that the Board misapplied the provisions of 38 C.F.R. 
§ 3.312 when it concluded that the evidence was not so evenly balanced as to permit the conclusion that the Veteran's service-connected disabilities somehow caused or materially contributed to his death. The moving party argues that the April 1989 statement from Dr. P.M. was unrebutted evidence that there was no question that the Veteran's service-connected disabilities made his clinical condition worse. The moving party contends that if the Board had properly applied 38 C.F.R. § 3.312 in consideration of the April 1989 statement from Dr. P.M. in the July 16, 1990 decision, then service connection for the cause of the Veteran's death would have been granted. 

In an April 1989 letter, the Veteran's treating physician, Dr. P.M., opined that the Veteran's "extensive prior service connected back injuries and sympathectomies had contributed to him having increased pain and increased debility during his course of malignant illness. It is not possible to state that the malignancy was [accelerated] because of his prior injuries, but there is no question that his clinical condition was made worse because of a pre-existed illness which he suffered during service." The Board notes that, contrary to the statement by Dr. P.M., the Veteran was not in receipt of service connection for any back injury. See November 1982 Board decision denying service connection for residuals of lumbar laminectomy.

In the July 16, 1990 decision, the Board explicitly addressed the moving party's argument herein, as well as the opinion from Dr. P.M., and found that "the pain and debility associated with the service-connected sympathectomies would not have influenced the terminal spread of the carcinoma." The Board noted that service-connection was not in effect for a back disorder. The Board further found that "the medical records do not disclose that the service-connected disabilities somehow prevented appropriate treatment for the disease or otherwise was a material factor in the production of death. The nature of the carcinoma was so overwhelming that death might be anticipated regardless of the co-existing service-connected disabilities." Thus, the Board in the July 16, 1990 decision properly applied the provisions of 38 C.F.R. § 3.312 in finding that the Veteran's service-connected disabilities were not contributory causes of his death, as there was no causal connection between his service-connected conditions and his cause of death. This finding is clear from the Board's statement regarding the overwhelming nature of his non-service connected carcinoma. Thus, the correct facts were before the Board and the law extant at the time of the July 16, 1990 decision were correctly applied.

In addition, the Board notes the moving party's argument that the April 1989 statement from Dr. P.M. was unrebutted evidence that there was no question that the Veteran's service-connected disabilities made his clinical condition worse. The Board agrees that there was limited medical evidence of record at the time of the July 16, 1990 Board decision as to the Veteran's carcinomas that were his primary cause of death. However, the Board in the July 16, 1990 Board decision weighed the evidence and found that "the nature of the carcinoma was so overwhelming that death might be anticipated regardless of the co-existing service-connected disabilities." Thus, the moving party's argument is essentially a disagreement regarding how the Board weighed the evidence in the July 16, 1990 decision, particularly in light of Dr. P.M.'s statement that "it is not possible to state that the malignancy was [accelerated] because of his prior injuries," which appears to support the Board's conclusion in the July 16, 1990 decision. To that extent, she is reminded that disagreement as to how the facts were weighed or evaluated does not constitute CUE. See 38 C.F.R. § 20.1403(d)(3). 

Based on the foregoing, moving party has failed to show that the July 16, 1990 Board decision contains an error, of fact or of law, that compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Hence, the moving party's CUE motion must be denied.


ORDER

The motion for reversal or revision of the July 16, 1990 Board decision that denied service connection for the cause of the Veteran's death on the grounds of CUE is denied.




 
S. B. MAYS
 Veterans Law Judge, Board of Veterans' Appeals