Citation Nr: 1829829 
Decision Date: 08/29/18 Archive Date: 09/05/18

DOCKET NO. 15-26 545 ) DATE
 )
 )


THE ISSUE

Whether there was clear and unmistakable error (CUE) in a December 19, 2014 Board of Veterans' Appeals (Board) decision that did not adjudicate a claim of entitlement to service connection for prostate cancer.


REPRESENTATION

Moving party represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel


INTRODUCTION

The Veteran, who is the moving party, had active service from January 1971 to January 1974.

This matter is currently before the Board on the moving party's March 2015 motion for revision or reversal on the grounds of CUE in the December 19, 2014 Board decision that did not adjudicate a claim of service connection for prostate cancer.


FINDINGS OF FACT

1. In a final decision dated December 19, 2014, the Board did not adjudicate a claim of entitlement to service connection for prostate cancer. The moving party was provided with a copy of the decision and did not appeal the Board decision to the United States Court of Appeals for Veterans Claims (Court).

2. The moving party has not alleged an error of fact or law in the December 19, 2014 Board decision that compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different, but for the error. 


CONCLUSION OF LAW

Clear and unmistakable error in the Board's December 19, 2014 decision that that did not adjudicate a claim of entitlement to service connection for prostate cancer has not been established. 38 U.S.C. §§ 5109A, 7111 (2012); 38 C.F.R. §§ 20.1400-1411 (2017). 



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Applicable Caselaw, Statutory, and Regulatory Provisions

A prior final Board decision must be reversed or revised where evidence establishes that there is CUE in the prior final decision. 38 U.S.C. §§ 5109A, 7111; 38 C.F.R. §§ 20.1400-02. All final Board decisions are subject to revision on the basis of CUE except for those decisions which have been appealed to and decided by the Court and decisions on issues which have subsequently been decided by the Court. 38 C.F.R. § 20.1400.

The motion to review a prior final Board decision on the basis of CUE must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy this requirement. Motions that fail to comply with these requirements shall be dismissed without prejudice to refiling. See 38 C.F.R. § 20.1404(b); see also Disabled American Veterans v. Gober, 234 F.3d 682 (Fed. Cir. 2000); Simmons v. Principi, 17 Vet. App. 104 (2003). The Board finds that the present motion complied with these requirements and the motion is properly before the Board for consideration on the merits.

Motions for review of prior Board decisions on the grounds of CUE are adjudicated pursuant to the Board's Rules of Practice. 38 C.F.R. Part 20. CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. Review for CUE in a prior Board decision must be based on the record and the law that existed when that decision was made. To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be clear and unmistakable. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1403, 20.1404.

The Court has set forth a three-pronged test to determine whether CUE is present in a prior determination: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., more than a simple disagreement as to how the facts were weighed or evaluated) or the statutory or regulatory provisions extant at that time were incorrectly applied; (2) the error must be "undebatable" and of the sort which, had it not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the prior adjudication in question. Damrel v. Brown, 6 Vet. App. 242 (1994), Russell v. Principi, 3 Vet. App. 310 (1992). 

Examples of situations that are not CUE include: (1) a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; (2) a failure to fulfill VA's duty to assist the moving party with the development of facts relevant to his claim; or (3) a disagreement as to how the facts were weighed or evaluated. See 38 C.F.R. § 20.1403(d). CUE also does not encompass the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation. See 38 C.F.R. § 20.1403(e).

Before deciding a claim, the Board is required to consider all relevant evidence of record and to consider and discuss in its decision all "potentially applicable" provisions of law and regulation. Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991); Weaver v. Principi, 14 Vet. App. 301, 302 (2001) (per curiam order). In addition, the Board must include in its decision a written statement of the reasons or bases for its findings and conclusions, adequate to enable an appellant to understand the precise basis for the Board's decision. 38 U.S.C. § 7104(a) ("Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record"). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed.Cir.1996) (table); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).

Discussion

The Veterans Claims Assistance Act of 2000 (VCAA) is inapplicable to CUE claims, and therefore need not be discussed herein. Livesay v. Principi, 15 Vet. App. 165 (2001) (en banc); 38 C.F.R. § 20.1411(c).

In the present case, the moving party alleges CUE in a December 19, 2014 Board decision that did not adjudicate and grant a claim of entitlement to service connection for prostate cancer. The moving party contends that that his claim of entitlement to prostate cancer was first filed in June 2008 and was not addressed in the December 19, 2014 Board decision. 

3. As an initial matter, the Board notes that the moving party's claim of entitlement to service connection for prostate cancer was denied in a March 14, 2013 Board decision. He was provided with a copy of the decision and did not appeal the Board decision to the United States Court of Appeals for Veterans Claims (Court). Thus, it became final. Therefore, the Board will only consider whether the moving party filed a new claim of entitlement to service connection for prostate cancer subsequent to the March 14, 2013 Board decision that should have been adjudicated by the Board in the December 19, 2014 Board decision.

The pertinent laws and regulations at the time of this decision were similar, if not essentially the same, as they are now. The terms claim and application mean a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2017). Generally, the date of receipt of a claim is the date on which a claim, information, or evidence is received by VA. 38 C.F.R. § 3.1(r) (2017). A sympathetic reading as to all potential claims raised by the evidence is required. Szemraj v. Principi, 357 F.3d 1370 (Fed. Cir. 2004).

A specific claim in the form prescribed by the Secretary of VA must be filed in order for benefits to be paid to any individual under the laws administered by the VA. 38 U.S.C. § 5101(a) (2012). A claim is defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2017); Brannon v. West, 12 Vet. App. 32, 34-5 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Any communication indicating intent to apply for a benefit under the laws administered by the VA may be considered an informal claim provided it identifies, but not necessarily with specificity, the benefit sought. See 38 C.F.R. § 3.155(a) (2017).

Here, there is no evidence that the Veteran filed a new claim of entitlement to service connection for prostate cancer subsequent to the March 14, 2013 Board decision and prior to the December 19, 2014 Board decision. In addition, the record does not contain an initial rating decision by a RO, followed by a notice of disagreement, a statement of the case, and a substantive appeal, as is required before the Board has jurisdiction over any such claim. See 38 C.F.R. §§ 20.101, 20.200 (2017). Therefore, there was no pending appeal of entitlement to service connection for prostate cancer at the time of the December 19, 2014 Board decision. In other words, there was no error in fact or law in the December 19, 2014 Board decision. Thus, there was no CUE in the December 19, 2014 Board decision. 

Based on the foregoing, moving party has failed to show that the December 19, 2014 Board decision contains an error, of fact or of law, that compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Hence, the Veteran's CUE motion must be denied. 


ORDER

The motion for reversal or revision of the December 19, 2014 Board decision that did not adjudicate a claim of entitlement to service connection for prostate cancer on the grounds of CUE is denied.




 ____________________________________________
 S. B. MAYS
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs