﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 190206-2677
DATE: August 27, 2019

ORDER

A total disability rating based on individual unemployability (TDIU) from October 2, 2012, to August 25, 2014, is denied.

FINDING OF FACT

The weight of the competent and probative evidence is against finding that the impairment caused by the Veteran’s service-connected disabilities precluded substantially gainful employment from October 2, 2012, to August 25, 2014.

CONCLUSION OF LAW

The criteria for TDIU from October 2, 2012, to August 25, 2014, have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 1969 to August 1970. 

The Board notes that the rating decision on appeal was issued in January 2019. In April 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. The Agency of Original Jurisdiction (AOJ) issued a new rating decision in August 2018; in December 2018, the Veteran again elected the Supplemental Claim lane. The AOJ issued a new rating decision in January 2019, which considered the evidence of record as of that date. The Veteran timely appealed this rating decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the AOJ.

Initially, the Board notes that claim for TDIU dates back to October 2, 2012, which is the date VA received the Veteran’s claim for an increased rating for the right knee. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). The Veteran is in receipt of a 100 percent schedular rating and special monthly compensation (SMC) based on housebound status as of August 26, 2014, which renders the claim for TDIU moot as of that date. See Herlehy v. Principi, 15 Vet. App. 33, 35 (2001); Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); Bradley v. Peake, 22 Vet. App. 280, 294 (2008). The Board, therefore, will consider whether TDIU is warranted from October 2, 2012, to August 25, 2014. 

The issue of TDIU from October 2, 2012, to August 25, 2014.

A total disability rating may be granted where the schedular rating is less than 100 percent and the veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16. 

Generally, to be eligible for TDIU, a percentage threshold must be met. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). If there is only one service-connected disability, or two or more with the same etiology or affecting the same body system, the disability rating must be 60 percent or more. If there are two or more disabilities, there shall be at least one disability rated at 40 percent or more, and sufficient additional disabilities to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). 

From October 2, 2012, to August 25, 2014, the Veteran’s service-connected disabilities included the right knee (60 percent); right iliac crest (noncompensable); and right knee scar associated with the total knee replacement (noncompensable). The Veteran’s service-connected disabilities all share a common etiology and combine for a 60 percent rating; therefore, the percentage schedular threshold for TDIU was met as of October 2, 2012. See 38 C.F.R. §§ 4.16(a), 4.25.

The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. The question is whether the veteran is capable of performing the physical and mental acts required by employment, not whether he or she can find employment. Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993) (citing 38 C.F.R. §§ 4.1, 4.15, 4.16(a)). The Board must therefore evaluate whether there are circumstances, apart from any non-service-connected conditions and advancing age, which would justify a total rating based on unemployability. See id.; see also 38 C.F.R. § 4.16(b). In making this determination, consideration may be given to his or her level of education, special training, and previous work experience, but not to his or her age or occupational impairment caused by non-service-connected disabilities. It should additionally be noted that marginal employment or employment provided on account of disability or special accommodation is not substantially gainful. See 38 C.F.R. §§ 3.341, 4.16, 4.18, 4.19; Hersey v. Derwinski, 2 Vet. App. 91, 94 (1992); Faust v. West, 13 Vet. App. 342 (2000). Entitlement to TDIU is based on an individual’s particular circumstances. Rice v. Shinseki, 22 Vet. App. 447, 452 (2009).

The ultimate question of whether TDIU should be awarded is not a medical issue, but rather is a determination for the adjudicator. See Moore v. Nicholson, 21 Vet. App. 211, 218 (2007) (stating that the ultimate question of whether a veteran is capable of substantial gainful employment is not a medical one; that determination is for the adjudicator), rev’d on other grounds, Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). Although VA must give full consideration, per 38 C.F.R. § 4.15, to “the effect of combinations of disability,” VA regulations place responsibility for the ultimate TDIU determination on VA, not a medical examiner’s opinion. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); 38 C.F.R. § 4.16(a); see also Smith v. Shinseki, 647 F.3d 1380, 1385-86 (Fed. Cir. 2011) (finding that VA is not required to obtain an industrial survey from a vocational expert before making a TDIU determination but may choose to do so in an appropriate case).

The Veteran is competent to report symptoms and experiences observable by his senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

Based on a review of the record, the Board finds that the Veteran’s service-connected disabilities did not render him unable to secure or follow substantially gainful employment from October 2, 2012, to August 25, 2014.

The record demonstrates that the Veteran worked as a longshoreman until 2004, with additional work as a water truck driver, dump truck driver, sawmill worker, chaser, and choke setter. The Board is unclear on what work as a chaser entails, but a vocational consultant noted that it is unskilled and heavy in nature. It is unclear when the Veteran stopped working, as the occupational history provided in the March 2018 and December 2018 vocational assessments are inconsistent with the history provided by the Veteran in his VA Form 21-8940, Veterans Application for Increased Compensation Based on Unemployability, which states that he stopped working in July 1998. The Veteran reported completing three years of high school, as well as a welding course at a community college. 05/17/2017,VA 21-8940; 04/10/2018, Medical-Non-Government; 12/12/2018, Medical-Non-Government. 

A December 2012 VA knee examination reflects the Veteran’s report that he spends over 10 hours per day on the couch or recliner watching television; he does a couple hours of chores or shopping per week; and he gets out of the house to run errands or visit friends once per week. The examination indicated that the right knee has full extension and flexion to 120 degrees, with pain and tightness at 105 degrees flexion. Testing revealed no instability and the Veteran denied flare-ups. Functional impairment was described as less movement than normal and pain on movement. The Veteran reported constant use of a cane with the following limitations: walking one-half block; standing for 10 minutes; can climb one to two flights of stairs; can lift a maximum of 40 pounds; and can drive for two hours. An October 2013 addendum indicates residuals of a total right knee replacement as intermediate degrees or residual weakness and pain or limitation of motion. 12/04/2012, VA Examination; 10/07/2013, C&P Exam. 

A December 2012 VA hip/thigh examination revealed functional limitation in the form of less movement than normal and pain on movement. The examiner opined that the right hip disability does not impact the ability to work. 12/04/2012, VA Examination.

Treatment records during the period on appeal note knee pain that is well-controlled on current analgesics. 09/09/2013, CAPRI. 

In March 2018 and December 2018 letters, F.G., a vocational consultant, opined that the Veteran’s service-connected disabilities precluded gainful employment from October 2, 2012, to August 25, 2014. In support, the vocational consultant noted that the Veteran’s work history only involved unskilled or semiskilled positions that were medium to heavy in nature, and that the Veteran has never done any type of office work or work that would be considered sedentary. The vocational consultant stated that sedentary work would involve prolonged sitting, which is beyond the Veteran’s physical capabilities. The Board notes that the vocational consultant’s opinions are supported by VA examinations in August 2017 and September 2017, which are several years after the period on appeal. The Board therefore assigns the vocational consultant’s opinions diminished probative weight because they rely on evidence that is not reflective of the functional impairment during the relevant period. 04/10/2018, Medical-Non-Government; 12/12/2018, Medical-Non-Government.

The Board acknowledges that the Veteran’s service-connected disabilities precluded physical labor from October 2, 2012, to August 25, 2014, but finds that the weight of the competent and probative evidence is against finding that the right knee and right hip disabilities precluded all types of employment, including work which is sedentary in nature. In December 2012, the Veteran reported sitting on a couch or recliner for 10 hours per day, which indicates that he was able to sit for prolonged periods of time. The December 2012 VA examinations also reflect the Veteran’s report that he was able to carry up to 40 pounds. The Board acknowledges that the Veteran’s work history was in unskilled or semiskilled labor, but the lack of experience in an office work environment does not demonstrate that the Veteran was incapable of learning the skills necessary for such work. There is no indication that the Veteran’s service-connected disabilities resulted in cognitive impairment for the relevant period. The Board finds that the lack of cognitive deficits weighs against a finding that the Veteran would be unable to find or follow a substantially gainful occupation. In light of the foregoing, the Board finds that the weight of the competent and probative evidence is against finding that the Veteran’s service-connected disabilities precluded all types of employment from October 2, 2012, to August 25, 2014, including work which is sedentary in nature, such as work in an office environment. 

The Board recognizes that the Veteran’s service-connected disabilities may have resulted in some occupational impairment and/or inconvenience in the workplace; however, he was being compensated for those limitations, as the percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from service-connected disabilities and the residual conditions in civilian occupations. See 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321(a), 4.1. The Veteran was in receipt of a 60 percent combined evaluation from October 2, 2012, to August 25, 2014. 

(Continued on the next page)

 

In summary, with regard to his unique circumstances, to include his education, work experience, and impairment from service-connected disabilities, the Board finds that the competent and credible evidence weighs against finding the Veteran unemployable by reason of his service-connected disabilities from October 2, 2012, to August 25, 2014.

 

JAMES L. MARCH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.A. Gelber, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.